WARREN T. MUNROE, an Infant, by WILLIAM T. MUNROE, His Guardian ad Litem, et al., Appellants, v. RUSSELL G. BOOTH et al., as Trustees of Hempstead Number 1 School District, Respondents.

Argued April 24, 1953; decided June 5, 1953.

*Sidney J. Feltenstein* for appellants.  I. The exclusion by the Trial Justice of a conversation was prejudicially erroneous and constituted an infraction of appellants' constitutional rights. (*Clarke* v. *Gilmore,* 149 App. Div. 445; *Dodds* v. *McColgan,* 134 Misc. 518, 229 App. Div. 273; *Timpson* v. *Allen,* 149 N. Y. 513; *Maryland Cas. Co.* v. *Central Trust Co.,* 297 N. Y. 294; *Karscher* v. *Dewald,* 246 App. Div. 21.)  II. Respondents, guilty of a type of "constructive fraud" (passive deceit), were estopped from availing themselves of the benefit of the defense of irregularity, a defense which was the product of the fraud in question. (*Matter of First Citizens Bank & Trust Co. of Utica* v. *Estate of Sherman,* 250 App. Div. 339; *Stewart* v. *Wyoming Ranche Co.,* 128 U. S. 383; *Mitchell* v. *Mitchell,* 177 Misc. 1050; *Matter of Hearn,* 158 Misc. 370; *Rudolph* v. *City of New York,* 191 Misc. 947.)  III. The rule pronounced by the Court of Appeals in *Matter of Martin* v. *School Bd. (Long Beach)* (301 N. Y. 233) does not bar the instant cause of action. (*Bubb* v. *Sondheim,* 37 Pa. D. & C. 399; *Hudson* v. *Ladd,* 37 Wyo. 419; *Carr* v. *Moragne,* 136 S. C. 218; *Russo* v. *City of New York,* 258 N. Y. 344; *Murphy* v. *Village of Fort Edward,* 213 N. Y. 397; *Matter of Hogan* v. *City of Cohoes,* 279 App. Div. 282; *Di Bartolo* v. *City of New York,* 293 N. Y. 114; *Teresta* v. *City of New York,* 304 N. Y. 440.)

*George J. Conway* and *George A. Garvey* for respondents. Plaintiffs having failed to serve notices of claim in the manner prescribed by law, the court had no jurisdiction over the action and hence the dismissal on the merits was correct. (*Matter of Brown* v. *Board of Trustees, Hamptonburg School Dist.,* 303

N. Y. 484; *Baker* v. *New York Central R. R. Co.*, 258 App. Div. 854; *Hotel Glenmore* v. *American Eagle Fire Ins. Co.*, 280 App. Div. 445; *Hill* v. *South Buffalo Ry. Co.*, 277 App. Div. 942; *Derlicka* v. *Leo*, 259 App. Div. 607, 284 N. Y. 711; *Matter of Haas* v. *Incorporated Vil. of Cedarhurst*, 298 N. Y. 757; *Matter of Martin* v. *School Bd.* [*Long Beach*], 301 N. Y. 233; *Di Bartolo* v. *City of New York*, 293 N. Y. 114; *Teresta* v. *City of New York*, 304 N. Y. 440.)

*Per Curiam.* A reversal would be justified in this case only if the court were to ignore the plain command of the applicable statutes that the essential notice of claim must be served upon a " member of the board of education, * * * [a] trustee, or *the clerk* thereof " (Civ. Prac. Act, § 228, subd. 6; General Municipal Law, § 50-e). Concededly, there was a complete failure to obey or comply with that mandate.

Mrs. Hardy, with whom the paper was left, was neither a member of the board of education nor " the clerk " of that board. And since, even on her own say-so, she had received only " about three " papers over a period of ten years, her acceptance of them on those prior occasions means little, if anything. Certainly, it was not sufficient to cloak her with authority to act for the board and, obviously, not enough to render her a member of the board or its clerk.

Desirable though relaxation of statutory provisions relating to service may appear, to avoid a seemingly harsh result, the courts may not disregard clear and explicit requirements imposed by the legislature. In fact, that body, when providing that certain defects on the face of the notice itself could be rectified, was careful to exclude the correction of any irregularity " pertaining to the *manner* * * * *of service* thereof " — the precise situation here — unless the requisite notice was " actually received " by an authorized person (General Municipal Law, § 50-e, subds. 3, 6). It was in keeping with that legislatively declared policy that we recently held sufficient and proper the sending of a notice of claim by ordinary mail, even though the statute prescribed that it be forwarded by a " registered " letter. (See *Teresta* v. *City of New York*, 304 N. Y. 440.)

The legislature having spoken unequivocally, the court may not disregard its pronouncement and, contrary to it, dispense

with the requirement that the notice of claim be served upon one of the persons designated.

The judgment of the Appellate Division should be affirmed, with costs.

FROESSEL, J. (dissenting). This case presents one more aspect of section 50-e of the General Municipal Law. The infant plaintiff, nine years of age, tripped and fell upon projecting roots and stumps in defendants' schoolyard, sustaining such severe injuries that a kidney was ruptured and was subsequently removed by surgery.

The notice of claim herein was personally served by an attorney, who first stated his business, upon one Mrs. Hardy. She indorsed her receipt thereon, " just as we have signed election papers or anything else ", and promptly forwarded it to the school attorney, who admitted he had a copy. The office of the school district is maintained in the business office of the high school building in Hempstead, and Mrs. Hardy is the person who, with her subordinates, is normally present in such office and has charge thereof. On the occasion in question she was the only one present, as it was vacation time.

She is the " business manager " of the school district, a position which she has achieved after some forty-two years of service to the district, having been there " longer than anyone in the Village." Originally she was the only clerk in the school system and had done " everything that came along ". As the school system grew, she " took over the Board of Education work entirely." Her position is obviously one of highest responsibility and broad discretion in the management of the business affairs of the school district. She is the person primarily responsible and regularly available to the public for the transaction of business with the school district, as the trustees, who are employed at their own occupations in Hempstead and elsewhere, attend at the office only for district meetings. The latter is also true of the $500 per year " clerk " of the district, whose only duties, so far as appears, are to act as secretary at meetings of the board of trustees.

It appears that Mrs. Hardy had accepted service of process on prior occasions, by prearrangement with the school attorney, of whom she said: " We have an attorney that we hire to take care of our legal business and everything goes through

his office.'' There is not even a whisper of a suggestion that the notice would have been handled differently had it been served in any other manner than it was; indeed, the president of the board was asked about this and failed to respond. It thus appears without contradiction that the district had prompt notice of the claim through the usual channels and therefore had ample opportunity to investigate, a circumstance which we have held should lead to validation of the notice of claim so served (*Teresta* v. *City of New York,* 304 N. Y. 440).

In addition, we have Mrs. Hardy's actions on the above-mentioned prior occasions. Though taken without explicit authorization by the trustees, as '' These process servers come in and they expect someone to take the papers '', they were never disapproved by the board, as its president testified, and her authority was never questioned in any way.

Under the foregoing circumstances, a fair question of fact was made out, to say the least, as to the issue of Mrs. Hardy's authority to accept service on behalf of the trustees, individually or collectively. As I have pointed out, she occupies a unique position in the district, so much so that the president of the board of trustees acknowledged that '' [she was] in charge of that office ''; he did not even inquire as to the nature of her duties or the extent of her authority when he first came on the board, and was apparently content to allow her to continue to manage the affairs of the district without intervention or close supervision. Coupled with her prior acceptance of process and other papers served upon the board, these facts would justify the trier of the fact in concluding that Mrs. Hardy accepted the notice of claim herein with the tacit consent and authorization of the trustees, and was the agent of one or all of them for such purpose. (*Teresta* v. *City of New York, supra,* p. 443.) It follows that it was error at all events to refuse to submit that issue to the jury.

The judgment below should be reversed and a new trial ordered.

Lewis, Ch. J., Desmond, Dye and Fuld, JJ., concur in *Per Curiam* opinion; Froessel, J., dissents in opinion in which Conway, J., concurs.

Judgment affirmed.