■ Edward Chesney, Respondent, v. Board of Education of Union Free School District No. 5 of the Towns of North Castle, Greenburgh and Mount Pleasant, Appellant.— In an action to recover damages for personal injuries, defendant appeals from an order made by an Official Referee adjudging that the service of a notice of claim was valid. The issue as to the validity of the service of the notice of claim was severed and referred to the Official Referee to hear and determine on the stipulation of the parties, with power to dismiss the complaint if the service were found to be invalid. Order reversed, without costs, and complaint dismissed. The notice was not served upon, nor was it actually received by, a person designated for that purpose, by the applicable statutes. (General Municipal Law, § 50-e, subd. 3; Munroe v. Booth, 305 N. Y. 426.) Nolan, P. J., Wenzel, Hallinan and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: Whether the notice of claim was served upon, or actually received by, a person designated for that purpose by the applicable statutes is immaterial where the defendant, by its conduct, waives, or is estopped from claiming, a defect in the service. (Teresta v. City of New York, 304 N. Y. 440.) Such waiver and estoppel occurred in this case by the following conduct on the part of defendant: (a) defendant's employee, on whom the notice of claim was served, signed an admission of service on defendant's behalf in the presence of defendant's supervising principal

of schools, in the office of defendant; (b) defendant's supervising principal sent the notice of claim to defendant's insurance carrier; (c) the insurance carrier (defendant's agent to defend this action) never returned the notice, and (d) the insurance carrier, acting on the basis of the proper service of the notice of claim, requested and obtained a physical examination of plaintiff on defendant's behalf. *Munroe* v. *Booth* (305 N. Y. 426), on which the majority relies, is not in point because in that case there was no act on the part of defendant to serve as the basis of a waiver or estoppel.