■ In the Matter of ANNA V. GOLDEN, Respondent, against NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Appeal from an order granting an application pursuant to section 1212 of the Public Authorities Law and section 50-e of the General Municipal Law to direct appellant to accept a "supplemental" notice of claim for damages for personal injuries, served more than 90 days after the claim arose. Order reversed on the law, without costs, and application denied, without costs. The findings of fact are affirmed. On the day following the alleged accident, respondent sent an unverified letter concerning it to appellant, by ordinary mail. About a week later a reply was received at her home, advising her that a claim was required to be served personally or by registered mail and inclosing a claim form. Meanwhile, she had entered a hospital, where she remained until about one month after the accident. Approximately two weeks subsequent to the expiration of the 90-day period respondent sent a verified "supplemental" notice of claim by registered mail, and about eight months thereafter made the instant application. It appears that appellant did not cause respondent to be examined in regard to her claim, nor is it asserted that any other person was so examined. As respects the first, or timely, notice of claim, the facts herein negate a waiver by appellant of the statutory requirements as to the manner of service, nor

was there anything in its conduct to estop it from invoking said provisions (General Municipal Law, § 50-e, subd. 3; *Teresta* v. *City of New York,* 304 N. Y. 440), nor, in view of the fact that appellant did not examine respondent, may the irregularity in the manner of service be cured by amendment after the expiration of the statutory period (General Municipal Law, § 50-e, subds. 3, 6; *Munroe* v. *Booth,* 305 N. Y. 426). The second notice of claim is inadequate. No showing was made that the failure to serve it within the 90-day period was due to any of the disabilities set forth in the statute (General Municipal Law, § 50-e, subd. 5; *Matter of Rosenberg* v. *City of New York,* 309 N. Y. 304; *Matter of Cilento* v. *City of New York,* 284 App. Div. 891), and no explanation was given for respondent's failure to move herein until more than eight months after she served it (*Matter of McEwan* v. *City of New York,* 279 App. Div. 802; *Matter of Ruskin* v. *City of New York,* 271 App. Div. 934). Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.