## SECOND DEPARTMENT, DECEMBER, 1967

## (December 4, 1967)

■ CRYSTAL BAYER, an Infant, by Her Father, WILLIAM BAYER, et al., Appellants, v. BOARD OF EDUCATION OF MASSAPEQUA PUBLIC SCHOOLS, UNION FREE SCHOOL DISTRICT No. 23, et al., Respondents.— Order of the Supreme Court, Nassau County, dated March 21, 1967, affirmed insofar as appealed from, with $10 costs and disbursements to respondents jointly. In this negligence action to recover damages arising out of injuries suffered in March, 1962 by the infant plaintiff during a gymnastic exercise, plaintiffs moved *inter alia* to dismiss, for patent legal insufficiency (CPLR 3211, subd. [b]), a defense in each of the respective answers of the two defendants alleging plaintiffs' failure to serve a notice of claim in accordance with section 3813 of the Education Law and section 50-e of the General Municipal Law. Plaintiffs' motion, insofar as it was addressed to the above defense, was properly denied, though not upon the grounds assigned by Special Term. In our opinion, plaintiffs may not recover if they do not prove that their notice of claim, served by ordinary mail upon the defendant School District's Superintendent of Schools, was actually received by a member or trustee of the School District's Board of Education or by the board's clerk (*Salner* v. *City of New York*, 12 A D 2d 771; Education Law, § 3813; General Municipal Law, § 50-e, subd. 3; former Civ. Prac. Act, § 228, subd. 6; see, also, *Munroe* v. *Booth*, 305 N. Y. 426; *Chesney* v. *Board of Educ.*, 2 A D 2d 761, affd. 5 N Y 2d 1007). Beldock, P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.