■ MESIVTA OF FOREST HILLS INSTITUTE, INC., et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In a consolidated action and proceeding for a declaratory judgment and to evict a holdover tenant, plaintiffs appeal from (1) an order of the Supreme Court, Queens County, dated August 1, 1980, which, *inter alia,* (a) consolidated the action and the proceeding, (b) granted defendants' cross motion for summary judgment dismissing the complaint for declaratory relief, and (c) granted defendants' cross motion for summary judgment in the proceeding to

---

2. The court was in error as to the summons, since the afore-mentioned affidavit of service made no mention of a summons.

evict the plaintiffs and (2) so much of a further order of the same court, dated August 22, 1980, as, upon reargument, adhered to its original determination. Appeal from order dated August 1, 1980, dismissed as academic, without costs or disbursements. Said order was superseded by the order dated August 22, 1980. Order dated August 22, 1980 reversed insofar as appealed from, on the law, without costs or disbursements, order dated August 1, 1980 vacated, cross motion by defendants for summary judgment in their proceeding to evict the plaintiffs denied, summary judgment granted to plaintiffs and proceeding dismissed, without prejudice, and defendants' cross motion for summary judgment in the declaratory judgment action denied. At the outset, we note that it was error for Special Term to consolidate these matters. CPLR 603 provides that separate trials should be held when a joint trial of various issues would create prejudice. Consolidation of plaintiffs' action for a declaratory judgment with the defendants' summary proceeding to evict the plaintiffs would, in fact, prejudice the defendants with respect to the time requisites of the respective matters. Other than a similarity of parties, there are no common questions of law or fact to mandate consolidation. The summary proceeding deals only with the defendants' right to possession which cannot be affected by the outcome in the declaratory judgment action. As to the merits, Special Term erred in granting summary judgment to the defendants on the question of possession. In light of the decision of this court in *Texaco, Inc. v Weinberg* (13 AD2d 1002), it is clear that section 232-a of the Real Property Law requires personal service of a notice of termination of a month-to-month tenancy, and service of such notice by certified mail is not sufficient. With respect to the plaintiffs' action for declaratory relief, the court erred in granting summary judgment on the basis of subdivision 1 of section 3813 of the Education Law. Plaintiffs have brought their suit as a taxpayer's action to prevent waste and such action is not one to vindicate only private rights. Section 3813 of the Education Law is not a bar to actions brought on behalf of the public interest (see *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.*, 35 NY2d 371, 379-380). Nevertheless, summary judgment would have properly been granted to the defendants were it not for the issue raised as to cost effectiveness and efficiency with regard to utilization of school district space. We find that as to only this issue there is a question of fact raised in the papers. Therefore, summary judgment must be denied. However, the trial of this action should be limited accordingly (see CPLR 3212, subd [g]). Titone, J. P., Gibbons, Gulotta and Margett, JJ., concur.