■ ARTHUR T. DAVIDSON, Respondent, v BRONX MUNICIPAL HOSPITAL et al., Appellants. — Order of the Supreme Court, Bronx County (Wallace Cotton, J.), entered November 24, 1982 which granted reargument and renewal and upon such reargument and renewal adhered to its original determination granting the motion of the defendants to dismiss the complaint to the extent of dismissing the action without prejudice to the institution of a new action and

the service of a proper complaint within the time period prescribed by CPLR 205 (subd [a]), modified, on the law, to the extent of dismissing the action against the City of New York, with prejudice and, except, as modified, affirmed, without costs. Plaintiff, an attending physician at Bronx Municipal Hospital, parked his automobile in a parking lot provided by the hospital on January 17, 1980. The vehicle was broken into and a violin, violin bow and violin case were removed from the car. On January 22, 1980, plaintiff, acting *pro se,* commenced this action by serving a summons and complaint on New York City Health and Hospitals Corporation (HHC). On January 28, the action was commenced against the city by service of the summons and complaint upon the Corporation Counsel. No formal notice of claim was served upon HHC. A notice of claim was served on the comptroller of the city on May 5, 1980, 115 days after the cause of action accrued. Leave was not sought from the court to file a late notice of claim and, consequently, no such leave was granted. Thereafter, by motion returnable July 12, 1982, defendants HHC and the city moved to dismiss the complaint for failure to comply with sections 50-e and 50-i of the General Municipal Law and section 20 of the New York City Health and Hospitals Corporation Act (L 1969, ch 1016, § 1). Section 50-e of the General Municipal Law provides that in any action founded upon a tort brought against a public corporation it shall be a condition precedent that a notice of claim be filed within 90 days after the commission of the tort. Section 50-i provides that no action or special proceeding shall be maintained against a city unless the complaint shall allege that at least 30 days have elapsed since service of the notice of claim and the city has refused or failed to adjust such claim. Section 20 of the New York City Health and Hospitals Corporation Act, which deals with actions brought against the Health and Hospitals Corporation, contains similar provisions. Special Term, relying on the authority of *Quintero v Long Is. R. R.* (31 AD2d 844), *Hines v City of Buffalo* (79 AD2d 218), *Matter of Phaler v Hicks* (71 AD2d 820), *Barber-Scotia Coll. v City of New York* (390 F Supp 525), and *Moskol v Sood* (404 F Supp 916), held that the complaint furnished all the information required of a notice of a claim and, in the circumstances of this case, it was appropriate so to treat it. However, it noted that the complaint did not, as indeed it could not given the circumstances here presented, contain the required allegation that at least 30 days had elapsed since service of the notice of claim and that the respective defendants had refused to adjust the claim, as required by section 50-i of the General Municipal Law and subdivision 1 of section 20 of the New York City Health and Hospitals Corporation Act. Accordingly, it dismissed the complaint without prejudice to the institution of a new action and the service of a proper complaint within the time period prescribed in CPLR 205 (subd [a]). We are in agreement with the conclusion reached by Special Term with respect to HHC. Its holding that the complaint served on HHC contained all the elements of a notice of claim is borne out by examination of the complaint. Hence, in treating it as a notice of claim it did not abuse its discretion and the cases cited by it support that conclusion albeit some only by way of dicta. The action was commenced within the time period specified in subdivision 1 of section 50-e of the General Municipal Law. It was not terminated by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute or a final judgment on the merits. Accordingly, a new action, based upon the same occurrence may be brought within six months after the termination (CPLR 205, subd [a]). The action against the city presents a somewhat different problem. The notice of claim served upon the comptroller was served on May 5, 1980, 115 days after the theft of the violin. Application for leave to serve a late notice of claim as authorized by subdivision 5 of section 50-e of the General Municipal Law was never made. Hence, the service of the notice of claim was a nullity and it is now

much too late to make any application for leave to serve a late notice of claim. (*Pierson v City of New York,* 56 NY2d 950). Thus, plaintiff must rely exclusively on the summons and complaint served upon the city as its notice of claim. Those documents were served upon the Corporation Counsel. The Administrative Code (§ 394a-1.0) requires that service of the notice of claim shall be made upon the comptroller who alone has the power to authorize settlement during the 30-day period allowed therefor. We have most recently been instructed that the failure to serve the officer designated by statute to receive service of the notice of claim is a fatal defect which mandates dismissal of the complaint (*Parochial Bus Systems v Board of Educ.,* 60 NY2d 539). In *Parochial Bus Systems* suit was brought by Parochial and a union of bus drivers to compel payment by the board of education to Parochial for a period during which it was allegedly unable to comply with a contract requiring it to provide transportation to school children because of a wildcat strike conducted by members of two other unions. The notice of claim consisted of a letter containing all of the requisite information which was forwarded to and acknowledged by the Board of Education's Office of Legal Services. Section 3813 of the Education Law required service of the notice of claim on the board of education. The Court of Appeals noted (*supra,* pp 547-548) that it has "always insisted that statutory requirements mandating notification to the proper public body or official must be fulfilled (*Chesney v Board of Educ.,* 5 NY2d 1007; *Munroe v Booth,* 305 NY 426). Indeed, this court has long held, in the words of Chief Judge CARDOZO, that where the 'legislature has said that a particular form of notice, conveyed with particular details to *particular public officers* shall be a prerequisite to the right to sue [,] [t]he courts are without power to substitute something else.' *Thomann v City of Rochester,* 256 NY 165, 172 [emphasis added].)" The fact that the city may not have been prejudiced is of no moment. We are without power to authorize dispensation from the requirements of law based upon our concepts of justice (see *Ponsrok v City of Yonkers,* 254 NY 91, 95). Here, plaintiff's service of the document (which we agree should be treated as a notice of claim) was made upon a representative of the city other than the officer designated by law to receive service. It was, therefore, ineffective to accomplish its purpose and dismissal of the complaint against the city with prejudice is warranted. Concur — Sandler, J. P., Asch, Silverman, Bloom and Fein, JJ.