(October 1, 1984)

■ JOHN BYRNE, Appellant, v STATE OF NEW YORK, Respondent. — In a claim seeking damages for negligence, claimant appeals from (1) a judgment of the Court of Claims (Orlando, J.), dated June 29, 1982, which dismissed his claim as being untimely filed, and (2) an order of the same court, dated July 27, 1982, which denied his motion to set aside the judgment of dismissal.

Judgment and order affirmed, without costs or disbursements.

The essential facts are undisputed. In the early morning of July 4, 1978, claimant sustained severely physical injuries when the vehicle he was operating in a westerly direction on the Northern State Parkway skidded out of control and hit a guardrail.

On October 2, 1978, the 90th day after that event, claimant executed at his home, *inter alia,* a writing denominated by both parties to this appeal as a notice of intent to file a claim. That same day, claimant's attorney personally served the document on the Attorney-General at the Claims Bureau of this State's Department of Law, located in the World Trade Center. Counsel also attempted to serve a like notice on the clerk of the Court of Claims by leaving a copy of the document at certain offices of the Court of Claims, also located in the World Trade Center. Finding the premises to be "virtually empty" on account of a religious holiday, claimant's counsel left an original notice of intent and one copy with an official court reporter who furnished counsel with a note on a Court of Claims letterhead acknowledging their receipt. Counsel then mailed an original and a copy of the notice by certified mail to the clerk of the Court of Claims in Albany. The chief clerk received these items on October 4, 1978, the 92nd day after claimant's accident, and acknowledged filing them subject to "whatever legal objections may apply thereto".

On January 17, 1980, some 15 months later, claimant filed a notice of claim against the State in the Albany office of the Court of Claims, the basis of the claim being assertions of negligent design, construction and maintenance of the Northern State Parkway guardrail. The State served an answer which was filed on February 27, 1980, alleging by way of the second affirmative defense therein that the claim was untimely filed. Claimant made no application to file a late claim during the appropriate three-year Statute of Limitations period in which to commence an action predicated on personal injuries (see Court of Claims Act, § 10, subd 6; CPLR 214, subd 5). The matter came

on for trial in June, 1982. The court did not reach the merits, but rather upheld the State's second affirmative defense and dismissed the claim on the ground that it lacked jurisdiction as the notice of intent, filed 92 days after the accident, was untimely filed. Claimant's subsequent motion to set aside the judgment of dismissal was denied after a hearing. By stipulation of the parties, claimant's appeal is limited to resolution of the jurisdictional issue of the timeliness of his claim. We affirm the Court of Claims dismissal.

It is well established that compliance with sections 10 and 11 of the Court of Claims Act pertaining to the timeliness of filing and service requirements respecting claims and notices of intention to file claims constitutes a jurisdictional prerequisite to the institution and maintenance of a claim against the State, and accordingly, must be strictly construed (see *Buckles v State of New York,* 221 NY 418; *De Marco v State of New York,* 43 AD2d 786, affd 37 NY2d 735; *Bommarito v State of New York,* 35 AD2d 458, 459). Where the time within which an application to file a late claim may be granted has elapsed (Court of Claims Act, § 10, subd 6), a claimant may not be relieved from complete compliance with the prescribed statutory procedures for the filing and service of a claim or notice of intention to file as such failure creates a jurisdictional defect and the court is without discretionary power to grant *nunc pro tunc* relief (*Smith v State of New York,* 53 AD2d 756, 757, affd 41 NY2d 1063).

The essential issue here then is whether claimant's leaving the notice of intention to file a claim with a court reporter at offices of the Court of Claims in the World Trade Center in Manhattan on the 90th day after the accident constituted timely filing where such document was not filed in the Court of Claims in Albany until the 92nd day.

Pursuant to subdivision 3 of section 10 of the Court of Claims Act, a claim to recover damages for personal injuries occasioned by the negligence of the State shall be filed within 90 days after the accrual of such claim unless the claimant files a written notice of intention to file a claim, in which event, the claim shall be filed within two years after accrual. "The claim or notice of intention shall be filed with the clerk of the court and a copy shall be served upon the attorney general within the times * * * provided for filing with the clerk of the court" (Court of Claims Act, § 11). Subdivision 9 of section 9 of the Court of Claims Act empowers the Court of Claims "[t]o establish rules for the government of the court and the regulation of practice therein". In 1978, the applicable rule governing filing, rule 11 of the Rules of the Court of Claims, read as follows: "Rule 11. Filing Claim or

Notice of Intention. A claim or notice of intention to file claim shall be filed by delivering it at the clerk's office in Albany to the clerk or in his absence to some person in charge of the office, or upon the receipt thereof at the clerk's office in Albany by mail or by express". *

The rule "makes it clear that it is the receipt * * * by the clerk in Albany which determines" the timeliness of filing regardless of the date of mailing (*Matter of Aetna Cas. & Sur. Co. v State of New York,* 92 Misc 2d 249, 252; see, also, *Dependable Trucking Co. v New York State Thruway Auth.,* 41 AD2d 985, 986).

Claimant admittedly failed to follow the applicable rule. However, he contends, *inter alia,* that the totality of his filing attempts constitutes substantial compliance with the filing requirements embodied in the Court of Claims Act and the rules promulgated thereunder. We are not persuaded.

It is true that where substantial compliance with a particular statute is evident, an error in form may be corrected at any stage and it is unimportant whether such correction is made *nunc pro tunc* (*Matter of Welch v State of New York,* 71 AD2d 494, 498, mot for lv to app den 50 NY2d 802). However, as the State's Court of Appeals has recently reiterated, failure to timely serve the officer designated by statute to receive service of a claim constitutes a fatal defect which is not susceptible to the ameliorative doctrine of substantial compliance (*Parochial Bus Systems v Board of Educ.,* 60 NY2d 539, 547-548; see *Davidson v Bronx Municipal Hosp.,* 99 AD2d 730, 732). More specifically, with respect to claims against the State, it has long been the law that failure to timely comply with the statutory filing requirements of the Court of Claims Act and the rules promulgated in accordance therewith constitutes a fatal jurisdictional defect (see, e.g., *Matter of Welch v State of New York,* 71 AD2d 494, 498, *supra,* and cases cited therein; see, also, *Battistoni v State of New York,* Claim No. 64132, affd 91 AD2d 877, mot for lv to app den 58 NY2d 608). As such, a lack of prejudice to the State 'is an immaterial factor, and, absent legislative change, this court is without power to dispense with applicable jurisdictional requirements of law based upon its own concepts of justice (see *Ponsrok v City of Yonkers,* 354 NY 91, 95; *Lurie v State of New York,* 73 AD2d 1006, 1007, affd 52 NY2d 849).

We have considered claimant's other contentions and find them to be without merit. Accordingly, upon examination of the

* This rule is presently codified, as amended, at 22 NYCRR 1200.5 and 1200.3, the latter rule of practice specifying that "[r]eferences to the clerk in the Court of Claims Act and in this Part are to the chief clerk of the court in Albany".

record, relevant statutes and case law, it must be concluded that affirmance is warranted. Mollen, P. J., Weinstein, Brown and Boyers, JJ., concur.