■ In the Matter of MARILYN FRANZ, Appellant, v BOARD OF EDUCATION OF THE ELWOOD UNION FREE SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78, petitioner appeals from so much of a judgment of the Supreme Court, Suffolk County (Morrison, J.), dated April 13, 1984, as dismissed the proceeding for lack of personal jurisdiction over the respondent.

Judgment affirmed, insofar as appealed from, without costs or disbursements.

In the absence of an order to show cause designating an alternative manner of service, personal service upon a school district must be made by delivering the initiatory papers to a "school officer" as that term is defined in the Education Law (CPLR 311 [7]; 403 [c], [d]). The courts of this State have consistently required strict compliance with the statutory

procedures for the institution of claims against the State and its governmental subdivisions, and where the Legislature has designated a particular public officer for the receipt of service of process, we are without authority to substitute another (*see, Munroe v Booth,* 305 NY 426; *Chesney v Board of Educ.,* 5 NY2d 1007, *affg* 2 AD2d 761; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539; *Byrne v State of New York,* 104 AD2d 782).

In the matter at bar, petitioner did not effectuate service in strict compliance with CPLR 311 (7). The notice of petition was personally delivered to respondent's secretary, who is not a "school officer" as set forth in the Education Law (*see,* Education Law § 2 [13]). Because strict compliance was required, it is irrelevant that petitioner's process server allegedly relied upon the representations of the secretary and other of respondent's employees that the secretary was authorized to receive service of process. Accordingly, delivery of the notice of petition to the secretary was ineffective to acquire personal jurisdiction over respondent. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.