■ KINETIC CONCEPTS, INC., Respondent, v COUNTY OF ERIE, Appellant, et al., Respondent.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Erie County Medical Center (ECMC) advertised for bids for the rental of special hospital beds but, after discovering an inadequacy in the bid specifications that precluded it from ascertaining which vendor was the lowest bidder, it rejected all bids. Instead of readvertising for bids, ECMC leased the beds under a joint purchasing program authorized by Public Health Law § 2803-a (2). In this CPLR article 78 proceeding brought by petitioner, one of the bidders, Supreme Court set aside the joint purchase contract and directed ECMC to readvertise for bids. We agree with Supreme Court that ECMC did not act improperly in setting aside all of the bids *(see, Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.,* 66 NY2d 144, 148-149), but we disagree that ECMC should be directed to advertise for new bids.

Supreme Court held that ECMC acted improperly in not affording petitioner an opportunity for further bidding. The purpose of General Municipal Law § 103 requiring competitive bidding for public contracts is to protect the taxpayers, not the contractors *(Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., supra,* at 148). General Municipal Law § 103 (1) provides that a municipal officer or agency "may, in his or its discretion, reject all bids and readvertise for new bids in the manner provided by this section." Subdivision (8) of that section exempts a municipal hospital from complying with the competitive bidding requirements when it makes joint purchases pursuant to Public Health Law § 2803-a. In its discretion, ECMC properly rejected all bids. Having done so, it was not required to readvertise for new bids. For reasons of economy, it could have decided to do without the hospital beds *(see, People ex rel. Dinsmore v Croton Aqueduct Bd.,* 26 Barb 240, 251-252) or it could have, without violating the provisions of General Municipal Law § 103, acquired the beds through a joint purchase agreement. Accordingly, the order appealed from is modified by denying petitioner's motion in its entirety, granting respondent County of Erie's cross motion and dis-

missing the petition. (Appeal from Judgment of Supreme Court, Erie County, Doyle, J.—Article 78.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.