■ In the Matter of MARY'S BUS SERVICE, INC., et al., Respondents, v RONDOUT VALLEY CENTRAL SCHOOL DISTRICT, Appellant, et al., Respondents. [656 NYS2d 534] —Carpinello, J.

Appeal from a judgment of the Supreme Court (Bradley, J.), entered November 16, 1995 in Ulster County, which, in a proceeding pursuant to CPLR article 78, denied respondent Rondout Valley Central School District's motion to dismiss the petition against it for failure to file a notice of claim.

On July 6, 1994, respondent Rondout Valley Central School District (hereinafter the School District) retracted a bid award previously granted to petitioner Mary's Bus Service, Inc. (hereinafter the Bus Service) to provide student transportation on 40 bus routes during the 1994-1995 school year.[1] The bid award was subsequently granted to respondents Arthur F. Mulligan Transportation, Inc., James C. Hoyt Transportation, Inc. and GJM Transportation, Inc. (hereinafter collectively referred to as respondents), as the next lowest bidders for the various routes. The Bus Service was ultimately awarded one bus route.

In October 1994, the Bus Service and petitioner Mary Marl commenced this CPLR article 78 proceeding against the School District and respondents. The crux of petitioners' allegations against the School District is that it overexpended tax moneys in the amount of $263,736 when it arbitrarily retracted the bid award. It is further alleged that the School District, in contravention of General Municipal Law § 103, arbitrarily (1) changed the bid specifications without notice, (2) deprived the Bus Service of sufficient time to obtain a bond, and (3) refused to accept partial funds when the Bus Service was unable to come up with the entire amount of the bond. In lieu of answering, the School District moved to dismiss the petition on the ground that petitioners failed to file a notice of claim. Supreme Court denied the motion, prompting this appeal.

The School District argues that petitioners' proceeding against it is barred by Education Law § 3813 (1), which requires the filing of a notice of claim within three months after the accrual of a cause of action. In determining the applicability of the three-month notice of claim requirement to proceedings involving school districts, however, there is a distinction between "proceedings which on the one hand seek *only* enforcement of private rights and duties and those on the other in which it is sought to vindicate a public interest" (*Union Free*

---

1. In the July 6, 1994 letter, petitioner Mary Marl was informed that "[t]he withdrawal was based upon your being unable to provide a performance bond or a certified check in the amount specified in the bid specifications and awards" in contradiction of the express terms of the notice to bidders which did not require the posting of a bond until five days before the first day of school. To the extent that the School District attempts to justify its decision to retract the bid award by referring to facts in its brief that are outside the record, we disapprove of this practice.

*School Dist. No. 6 v New York State Human Rights Appeal Bd.*, 35 NY2d 371, 379-380 [emphasis supplied]), because Education Law § 3813 (1) is applicable to the former but not the latter (*see, id.*; *see also, Doyle v Board of Educ. of Deer Park Union Free School Dist.*, 230 AD2d 820).

Notably, the intended beneficiary of General Municipal Law § 103—which requires competitive bidding for public contracts—is the public (i.e., taxpayers) (*see, e.g., Matter of New York State Ch., Inc., Associated Gen. Contrs. v New York State Thruway Auth.*, 88 NY2d 56, 67; *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 148; *Matter of Construction Contrs. Assn. v Board of Trustees*, 192 AD2d 265, 267; *Kinetic Concepts v County of Erie*, 172 AD2d 1031). Since the purpose of this statute is to protect the public, we find that the instant proceeding does not solely seek enforcement of a private right, but also falls within the vindication of a public interest category (*see, e.g., Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney*, 89 NY2d 395; *Matter of De Paoli v Board of Educ.*, 92 AD2d 894; *Mesivta of Forest Hills Inst. v City of New York*, 79 AD2d 676, 677, *revd on other grounds* 58 NY2d 1014, 1016).[2] Accordingly, Supreme Court correctly found that no notice of claim was required.

To the extent that the School District asserts on appeal that Marl lacks standing to bring this proceeding, we note that it failed to raise standing as a basis upon which to dismiss the petition. Accordingly, this issue is not properly before this Court (*see, Matter of Van Wormer v Leversee*, 87 AD2d 942, 943).

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

2. To the extent that the School District relies on this Court's decision in *Matter of Kernan Lib. Off. Group v Board of Educ.* (187 AD2d 861), we note, upon our review of the record and briefs in that case, that the issue of whether a public interest was being vindicated was not raised by the parties.