In the Matter of BAUMANN & SONS BUSES, INC., et al., Appellants, v OSSINING UNION FREE SCHOOL DISTRICT et al., Respondents. [995 NYS2d 211]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Education of the Ossining Union Free School District dated May 22, 2012, accepting the proposal of Royal Coach Lines, Inc., to provide bus transportation and awarding it four contracts, and action, among other things, for a judgment declaring those contracts void, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Cacace, J.), entered February 19, 2013, which granted those branches of the respondents/defendants' separate motions which were to dismiss the petition/complaint insofar as asserted against each of them for failure to serve a notice of claim, in effect, denied, as academic, the petitioners/plaintiffs' cross motion pursuant to CPLR 306-b to extend, nunc pro tunc, their time to serve the notice of petition/summons and petition/complaint upon the respondent/defendant Ossining Union Free School District, and, in effect, dismissed the proceeding and action.

Ordered that the order and judgment is reversed, on the law, with one bill of costs payable by the respondents/defendants, those branches of the respondents/defendants' separate motions which were to dismiss the petition/complaint insofar as asserted against each of them for failure to serve a notice of claim are denied, the petition/complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the merits of the petitioners/plaintiffs' cross motion and a determination thereafter, if warranted, of the merits of those branches of the motion of the respondent/defendant Ossining Union Free School District which were pursuant to CPLR 3211 (a) to dismiss the petition/complaint insofar as asserted against it for failure to state a cause of action, the petitioners/plaintiffs' failure to exhaust their administrative remedies, and on the ground that the Commissioner of the New York State Department of Education has primary jurisdiction over the controversy, and that branch of the separate motion of the respondent/defendant Royal Coach Lines, Inc., which was pursuant to CPLR 3211 (a) to dismiss the petition/complaint insofar as asserted against it for the petitioners/plaintiffs' failure to exhaust their administrative remedies.

In January 2012, the Ossining Union Free School District (hereinafter the school district) issued a request for proposals (hereinafter RFP) for busing contracts for home-to-school, athletic, field-trip, and summer-school transportation (hereinafter the busing contracts). Proposals were submitted by Baumann & Sons Buses, Inc. (hereinafter Baumann), Mile Square Transportation, Inc. (hereinafter Mile Square), and Royal Coach Lines, Inc. (hereinafter Royal Coach). After reviewing the proposals, the school district awarded the busing contracts to Royal Coach. Baumann and Mile Square (hereinafter together the petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul and vacate the award of the contracts to Royal Coach, and to either secure the award of the contracts to Baumann or Mile Square or the issuance of a new RFP. Prior to commencing this proceeding/action, however, the petitioners did not serve a notice of claim on the school district pursuant to Education Law § 3813 (1).

Prior to answering the petition/complaint, the school district and Royal Coach separately moved, among other things, to dismiss the petition/complaint insofar as asserted against each of them on the ground that the petitioners failed to serve a timely notice of claim upon the school district. The school district also argued that it was entitled to dismissal because the petitioners had failed to serve process upon the school district in compliance with CPLR 311 (a) (7), thus depriving the court of personal jurisdiction over it. The petitioners cross-moved pursuant to CPLR 306-b to extend, nunc pro tunc, their time to serve the school district with process. The Supreme Court concluded that the notice of claim requirement of Education Law § 3813 (1) applied to the petitioners' claims, granted the relevant branches of the separate motions of the school district and Royal Coach, and dismissed the proceeding/action solely on that basis. Since the court concluded a notice of claim was required, it did not consider the merits of the petitioners' cross motion or the remaining branches of the respondents/defendants' separate motions. The petitioners appeal.

In general, the service of a timely notice of claim pursuant to Education Law § 3813 (1) is a condition precedent to the commencement of an action or proceeding against a school district, and failure to comply with this requirement is a fatal defect (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]; *Matter of Smith v Brenner*, 106 AD3d 1018, 1018 [2013]; *Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929, 929 [2008]; *Munro v Ossining Union Free School*

*Dist.*, 55 AD3d 697, 698 [2008]; *Power Cooling, Inc. v Board of Educ. of City of N.Y.*, 48 AD3d 536, 537 [2008]). However, "not all actions and special proceedings have been held to be subject to the prerequisites of subdivision 1 of section 3813. The pertinent distinction is between actions and proceedings which on the one hand seek *only* enforcement of private rights and duties and those on the other in which it is sought to vindicate a public interest; the provisions of subdivision 1 of section 3813 are applicable as to the former but not as to the latter" (*Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.*, 35 NY2d 371, 379-380 [1974] [emphasis added]; *see Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney*, 89 NY2d 395, 403 [1996]; *Eldridge v Carmel Cent. School Dist. Bd. of Educ.*, 82 AD3d 1147, 1150 [2011]; *Sangermano v Board of Coop. Educ. Servs. of Nassau County*, 290 AD2d 498, 498 [2002]).

Because "[t]he central purposes of New York's competitive bidding statutes are the (1) protection of the public fisc by obtaining the best work at the lowest possible price; and (2) prevention of favoritism, improvidence, fraud and corruption in the awarding of public contracts" (*Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast*, 17 NY3d 136, 142 [2011] [internal quotation marks omitted]; *see Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist.*, 91 NY2d 51, 54-55 [1997]; *Brega Transp. Corp. v Brennan*, 105 AD3d 985, 986 [2013]), a proceeding challenging the award of a contract pursuant to the competitive bidding statutes is a matter in the public interest (*see Matter of Mary's Bus Serv. v Rondout Val. Cent. School Dist.*, 238 AD2d 829, 830-831 [1997]). Since the petitioners here do not seek *only* to enforce their private rights, Education Law § 3813 (1) does not apply (*see Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.*, 35 NY2d at 379-380; *Matter of Mary's Bus Serv. v Rondout Val. Cent. School Dist.*, 238 AD2d at 830-831). Accordingly, the court erred in dismissing the petition/complaint for the petitioners' failure to serve a notice of claim in accordance with that statute.

As an alternative ground for dismissal (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d at 545), the school district argues that the petitioners failed to timely serve process upon it in compliance with CPLR 311 (a) (7) and, thus, the court lacked personal jurisdiction over it. Specifically, the school district contends that personal delivery of process to a school security guard was insufficient to obtain jurisdiction over it. Pursuant to CPLR 311 (a) (7), personal service upon a school

district must be accomplished via personal delivery to "a school officer, as defined in the education law." The Education Law defines "school officer" as "a clerk, collector, or treasurer of any school district; a trustee; a member of a board of education . . . ; a superintendent of schools; a district superintendent; a supervisor of attendance or attendance officer; or other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system" (Education Law § 2 [13]). Thus, it is clear that a security guard does not qualify as a "school officer" within the meaning of Education Law § 2 (13) (cf. *Matter of Franz v Board of Educ. of Elwood Union Free School Dist.*, 112 AD2d 934, 935 [1985]; *Matter of Kornit [Plainview-Old Bethpage Cent. School Dist.]*, 70 AD2d 657, 658 [1979], *affd* 49 NY2d 842 [1980]), and this Court is without authority to permit service on an individual not authorized by the Legislature (*see Matter of Franz v Board of Educ. of Elwood Union Free School Dist.*, 112 AD2d at 935; *Matter of Eldor Contr. Corp. v Town of Islip*, 277 AD2d 233, 234 [2000]).

Nonetheless, we decline to dismiss the petition/complaint insofar as asserted against the school district at this juncture, since the petitioners cross-moved pursuant to CPLR 306-b for a nunc pro tunc extension of the time in which to serve process upon the school district. Pursuant to CPLR 306-b, where service is not made within 120 days of the commencement of the action or proceeding, the matter is subject to dismissal, but the court may, "upon good cause shown or in the interest of justice, extend the time for service." The Court of Appeals has made clear that these are two distinct standards and that, while "good cause" requires a showing of reasonable diligence, "the interest of justice" has a broader scope, which can encompass late service due to "mistake, confusion or oversight, so long as there is no prejudice to the defendant" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001] [internal quotation marks omitted]; *see Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 31-32 [2009]). In determining whether an extension of time is warranted in the interest of justice, a court may consider, inter alia, "diligence, or lack thereof, . . . expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 105-106; *see Thompson v City of New York*, 89 AD3d 1011, 1012 [2011]; *DiBuono v Abbey, LLC*, 71 AD3d 720, 720 [2010]; *Bumpus v New York City Tr. Auth.*, 66 AD3d at 32; *see also Bahadur v New York State Dept. of Correctional Servs.*, 88 AD3d 629, 630 [2011]).

The Supreme Court, upon dismissing the petition/complaint for the petitioners' failure to serve a notice of claim, did not reach the question of whether the circumstances warranted a nunc pro tunc extension of the petitioners' time to serve process upon the school district, or other issues raised by the separate motions of the respondents/defendants. Thus, the matter must be remitted to the Supreme Court, Westchester County, for a determination of the merits of the petitioners' cross motion, which remains pending and undecided (*see Valdivia v Consolidated Resistance Co. of Am., Inc.*, 54 AD3d 753, 755 [2008]; *Katz v Katz*, 68 AD2d 536 [1979]). In the event that the cross motion is denied, the Supreme Court shall dismiss the petition/complaint insofar as asserted against the school district, and shall thereafter determine the merits of that branch of Royal Coach's motion which was pursuant to CPLR 3211 (a) to dismiss the petition/complaint insofar as asserted against it on the ground that the petitioners failed to exhaust their administrative remedies. In the event that the cross motion is granted, the Supreme Court shall thereafter determine the merits of that branch of Royal Coach's motion, as well as those branches of the school district's separate motion which were pursuant to CPLR 3211 (a) to dismiss the petition/complaint insofar as asserted against it for failure to state a cause of action, the petitioners' failure to exhaust administrative remedies, and on the ground that the Commissioner of the New York State Department of Education has primary jurisdiction over the controversy. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.