Chaudry v State of New York (2018 NY Slip Op 08459)





Chaudry v State of New York


2018 NY Slip Op 08459


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-12646

[*1]Ilyas Chaudry, appellant, 
v
State of New York, respondent. (Claim No. 123932)


Gary Weinberg, P.C., Brooklyn, NY, for appellant.
Galvano & Xanthakis, P.C., Staten Island, NY (Anthony Xanthakis of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Stephen J. Mignano, J.), dated September 1, 2017. The order granted the defendant's motion for summary judgment dismissing the claim and denied the claimant's cross motion for leave to serve a late claim upon the Attorney General.
ORDERED that the order is affirmed, with costs.
There is no dispute that the claimant failed to timely serve his claim upon the Attorney General as required by Court of Claims Act § 10(3) and that his cross motion for leave to serve a late claim upon the Attorney General was not made within the three-year statute of limitations as required by Court of Claims Act § 10(6).
The timeliness of the service and filing requirements of Court of Claims Act § 10 are to be strictly construed and are jurisdictional in nature, thereby divesting the Court of Claims of jurisdiction if the service and filing requirements are not met (see Bergman v State of New York , 281 AD2d 731, 733; Mallory v State of New York , 196 AD2d 925, 926; Berger v State of New York , 171 AD2d 713, 716; Byrne v State of New York , 104 AD2d 782, 783). Further, where the time within which to make an application has expired, the Court of Claims has no discretion to grant relief nunc pro tunc (see Byrne v State of New York , 104 AD2d at 783). Accordingly, we agree with the Court of Claims' determination to grant the defendant's motion for summary judgment dismissing the claim and to deny the claimant's cross motion for leave to serve a late claim upon the Attorney General.
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court