Aideyan v Mount Vernon City Sch. Dist. (2025 NY Slip Op 03787)

Aideyan v Mount Vernon City Sch. Dist.

2025 NY Slip Op 03787

Decided on June 25, 2025

Appellate Division, Second Department

Voutsinas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-05956
 (Index No. 68718/22)

[*1]Andrew Aideyan, et al., appellants, 
v
Mount Vernon City School District, respondent.

APPEAL by the plaintiffs, in an action to recover damages for injury to property, from an order of the Supreme Court (David S. Zuckerman, J.), dated April 11, 2023, and entered in Westchester County. The order granted the defendant's motion, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint.

Sussman & Goldman, Goshen, NY (Jonathan R. Goldman of counsel), for appellants.
Ingerman Smith, LLP, Harrison, NY (Stephanie Bellantoni and Gus Mountanos of counsel), for respondent.

VOUTSINAS, J.

OPINION & ORDER
On this appeal, we conclude that personal delivery of a summons and complaint to an Assistant Superintendent for Curriculum & Instruction constitutes delivery to a "school officer" as defined in Education Law § 2(13), so as to constitute personal service upon a school district pursuant to CPLR 311(a)(7).
I. Factual and Procedural Background
In or about late July 2021, a retaining wall located on property owned by the defendant, Mount Vernon City School District, collapsed. As a result of the breach, there existed a danger to the plaintiffs that their properties, which were at a lower grade than the wall and the defendant's property, would be subject to flooding if a heavy rain event occurred. On September 1, 2021, that heavy rain event occurred when Hurricane Ida struck the New York metropolitan area. The plaintiffs contend that because the retaining wall was not repaired, their properties and homes were flooded by a cascade of water from the defendant's property onto their properties.
The plaintiffs served notices of claim upon the defendant, and following examinations of each of the plaintiffs pursuant to General Municipal Law § 50-h, commenced this action through the filing of a summons and complaint.
On December 9, 2022, the plaintiffs' process server personally delivered the summons and complaint at the defendant's district office located at 165 N. Columbus Avenue in Mount Vernon. The server personally handed the summons and complaint to Jamal Doggett, who, according to the affidavit of service, identified himself and specifically told the process server that he was authorized to accept service of process.
Following service of the summons and complaint, the defendant served its answer on December 29, 2022, asserting, as its eighteenth affirmative defense, lack of personal jurisdiction. The defendant then moved, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint based [*2]on lack of personal jurisdiction.[FN1]
The defendant argued that the plaintiffs failed to complete proper service under CPLR 311 because Doggett was not an authorized agent to accept service of process. In support of its motion, the defendant submitted an affidavit from Doggett wherein he stated that in his capacity as "Assistant Superintendent for Curriculum & Instruction," he was not an officer of the defendant and was neither elected nor appointed to his position but rather, was merely hired for it. Doggett further stated that he never represented to the process server that he was authorized to accept service for the defendant.
In opposition, the plaintiffs argued that the copy of the summons and complaint annexed to the defendant's motion had been stamped as received by the clerk's office of the defendant and that therefore it was properly received. On the question of whether Doggett should be considered a school officer, the plaintiffs argued that Education Law § 2(13) provides that a school officer is defined, in part, as "other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system." The plaintiffs contended that Doggett occupied an appointed position serving district wide whose duties generally related to the administration of the educational curriculum taken by students throughout the defendant's schools.
In an order dated April 11, 2023, the Supreme Court granted the defendant's motion. In so doing, the court concluded that Doggett was not an officer of the defendant within the meaning of the Education Law and that, therefore, service on him did not constitute proper service on the defendant. The plaintiffs appeal.
II. Legal Analysis
The instant matter presents this Court with an opportunity to construe the meaning of a statute that, as of this writing, does not appear to have been considered by an appellate court in this State. This is not to say, however, that no courts have considered the issue of whether an assistant superintendent of a school district may properly be considered a school officer. Decisions of the United States District Courts for the Eastern and Southern Districts of New York have examined this question, and they have concluded that an assistant superintendent is a school officer within the meaning of Education Law § 2(13) (see Santana v Mount Vernon City School District/Board of Education, 2023 WL 2876653, 2023 US Dist LEXIS 57090 [SD NY No. 20 CV 3212 (NSR)]; Guity v Uniondale Union Free Sch. Dist., 2017 WL 9485647, 2017 US Dist LEXIS 27542 [ED NY No. CV-15-5693 (SJF) (AKT)]).
Further, at least one federal District Court decision has concluded that an assistant superintendent is a school officer for the purposes of service of process (see Knox on behalf of D.K. v Poughkeepsie City. Sch. Dist., 2022 WL 305275, 2022 US Dist LEXIS 19179 [SD NY No. 17 CV 8190 (NSR)]). In so doing, however, the Knox court noted that the New York State courts have not yet specifically addressed whether an assistant superintendent is a school officer for service of process (see Knox on behalf of D.K. v Poughkeepsie City. Sch. Dist., 2022 WL 305275, *3, 2022 US Dist LEXIS 19179, *7). For the reasons set forth below, we conclude that the definition of school officer under the Education Law is broad enough to include an individual such as Doggett, who is an assistant superintendent whose duties generally relate to the administration of affairs in a public school system.
The Statutory Scheme
When examining questions of service of process, the court first turns to the relevant sections of the CPLR, in this case, section 311(a)(7), covering personal service upon a corporation or governmental subdivision, which provides that service "upon a school district" must be made upon "a school officer, as defined in the education law."
The applicable section of the Education Law defining a school officer, as noted, is section 2(13), which defines a "school officer" as
"a clerk, collector, or treasurer of any school district; a trustee; a member of a board of education or other body in control of the schools by whatever name known in a union free school district, central school district, central high school district, or in a city school district; a superintendent of schools; [*3]a district superintendent; a supervisor of attendance or attendance officer; or other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system" (emphasis added).
In instances where a court is called upon to construe a statute, the court looks first to the words and language used. The statutory language is to be "generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction" (McKinney's Cons Laws of NY, Book 1, Statutes, § 94). As always, this Court is mindful of the fact that a statute "is to be construed as a whole, and all parts of an act are to be read and construed together" (McKinney's Cons Laws of NY, Book 1, Statutes, § 97). The purpose of this analysis, of course, is to ensure that the court is giving full effect to the intent of the Legislature in writing the statute.
In examining the definition of a school officer as set forth by the Legislature, this Court notes that while the Legislature first defines certain roles as being a school officer, i.e., "clerk, collector, or treasurer . . . member of a board of education . . . superintendent of schools; a district superintendent; a supervisor of attendance or attendance officer," the paragraph concludes with a general provision stating that any "other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system" is included in the definition of school officer (Education Law § 2[13]). In connection with a public officer function, "appointment" is typically defined to mean "[t]he choice or designation of a person, such as a nonelected public official, for a job or duty" (Black's Law Dictionary [12th ed, 2024], appointment). It is this Court's opinion that, in this instance, Doggett's role as assistant superintendent meets the definition of school officer as set forth by the statute.
The defendant essentially argues that this Court should apply the statutory construction maxim "expressio unius est exclusio alterius" in that because the title of assistant superintendent is not expressly listed within the titles defined as being school officers, the Legislature necessarily meant to exclude it. Applying this maxim, however, would not give meaning to the entire statute as written, which includes the catch-all provision within which Doggett falls. As the "Assistant Superintendent for Curriculum & Instruction," Doggett is clearly an officer of the defendant whose duties generally relate to the defendant's administration of affairs, particularly, as indicated by the record, the support of teachers and school leaders in ensuring teaching and learning opportunities meet the needs of the defendant's diverse student population.
This Court agrees that the Legislature did not intend that any employee or representative appointed by a school district should be considered a school officer under Education Law § 2(13) (see e.g. Matter of Baumann & Sons Buses, Inc. v Ossining Union Free Sch. Dist., 121 AD3d 1110 [security guard]; Matter of Puchalski v Depew Union Free Sch. Dist., 119 AD3d 1435 [payroll clerk]; Matter of Franz v Board of Educ. of Elwood Union Free School Dist., 112 AD2d 934 [secretary]; Matter of Kornit [Plainview-Old Bethpage Cent. School Dist.], 70 AD2d 657, affd 49 NY2d 842 [school district's attorney]). In those cases, it is apparent that the employees' duties were not as expansive as those of an assistant superintendent.
It is evident, however, that the role of assistant superintendent was intended, under Education Law § 2(13), to be considered another appointive officer whose duties generally relate to the administration of affairs within a school district. An assistant superintendent, such as Doggett, directly carries out duties that typically would be carried out by the superintendent. These duties fit closely with the statutory definition of "school officer" as contemplated by Education Law § 2(13).
Moreover, as set forth in the Education Law, the role of assistant superintendent is generally created directly by an elected board of education, such as the defendant's Board of Education. Specifically, Education Law § 2503(5), applicable to the defendant herein, grants the Board of Education the ability to "create, abolish, maintain and consolidate such positions . . . as, in its judgment, may be necessary for the proper and efficient administration of its work" and "shall appoint properly qualified persons to fills such positions, including a superintendent of schools" and "such associate, assistant and other superintendents . . . as said board shall determine necessary for the efficient management of the schools." Here, the defendant, in accordance with the relevant provisions of the Education Law, has given Doggett, as the assistant superintendent for curriculum and instruction, authority and command to administer the affairs of the defendant and its [*4]superintendent as it pertains to the offering of the curriculum to the student body and the instruction of each student. It is evident that Doggett, in this role, reports directly to the superintendent of schools and the Board of Education and is charged with administering functions that otherwise would be tasked to the Board of Education and/or the superintendent of schools.
Insofar as the defendant contends that Doggett is a mere employee and therefore cannot be considered a school officer within the meaning of Education Law § 2(13), this Court concludes this argument is unpersuasive. There are many corporations, public agencies, and other entities that operate with individuals who are considered both officers and employees. The two are not mutually exclusive. Indeed, Education Law § 2509(3) contemplates the dual nature of individuals such as Doggett, providing that "[a]ssociate superintendents and all other employees authorized by section twenty-five hundred three of this article . . . shall be appointed by the board of education, provided, however, that the board of education may enter into an employment contract with an associate, assistant, or other superintendent of school for a period of one to five years."
Nor is this Court persuaded by the decisions of the Commissioner of the New York State Department of Education (hereinafter the Commissioner of Education), cited by the defendant, that conclude an assistant and/or deputy superintendent is not an officer of a district (see 54 Educ Dept Rep [Decision No. 16,756]; 50 Educ Dept Rep [Decision No. 16,184]; 46 Educ Dept Rep [Decision No. 15,442]; 39 Educ Dept Rep [Decision No. 14,185]; 36 Educ Dept Rep [Decision No. 13, 6969]). These decisions reach this conclusion within the limited context of Education Law § 306, which involves the potential removal of assistant or deputy superintendents by the Commissioner of Education. These decisions contain no analysis of the job responsibilities of a deputy or assistant superintendent within the context of Education Law § 2(13). Indeed, even the defendant concedes in its brief to this Court that the decisions do not examine the scope of the duties of an assistant superintendent and rather simply determine in a conclusory fashion that assistant superintendents are employees and not officers.
Based on the statutory analysis and the ever-growing responsibilities of superintendents, it is evident that the Legislature intended to permit appointed positions such as Doggett's position to be included as a school officer for the acceptance of service of process. Accordingly, the defendant was properly served the summons and complaint in this action.
Accordingly, the order is reversed, on the law, and the defendant's motion, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint is denied.
MILLER, J.P., CHRISTOPHER, and VENTURA, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint is denied.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1: This Court notes that the defendant properly moved to dismiss the complaint for lack of personal jurisdiction within 60 days of serving its answer (see CPLR 3211[e]; see also Deutsche Bank Natl. Trust Co. v Acevedo, 157 AD3d 859).