OPINION OF THE COURT
 

 Ciparick, J.
 

 These combined appeals present two issues: the appro
 
 *441
 
 priate Statute of Limitations applicable to actions commenced under Labor Law § 27-a, the Public Employee Safety and Health Act (PESHA), and whether the Commissioner of Labor is precluded from bringing a lawsuit under PESHA where the complaining employee failed to file a complaint with the Commissioner within the 30-day time period prescribed in Labor Law § 27-a (10) (b). The action in
 
 Hartnett I
 
 should be dismissed as time-barred since the three-year Statute of Limitations of CPLR 214 (2) applies to PESHA actions. In
 
 Hartnett II,
 
 we hold that the 30-day filing requirement is not a Statute of Limitations and may be waived by the State Commissioner of Labor. Nonetheless, the
 
 Hartnett II
 
 action should also be dismissed because it was not commenced within the limitations period of CPLR 214 (2).
 

 Hartnett I
 

 According to the complaint, on March 31, 1987, defendant New York City Transit Authority assigned four track workers to do outdoor work under allegedly hazardous conditions. The workers, fearing for their safety, refused to perform the work and requested reassignment to a less dangerous worksite. The supervisor sent the track workers home. They lost the day’s pay and were suspended for three days as a result of the incident. On April 29, 1987, the Transport Workers’ Union, Local 100, filed a complaint with the New York State Department of Labor, alleging that defendant suspended the workers for refusing to work under hazardous conditions, and seeking an order finding that defendant discriminated against the workers in violation of PESHA, awarding them back pay, and expunging the incident from the workers’ personnel file. More than three years later, in May 1990, the Commissioner referred the complaint to the Attorney-General, who commenced this action in May 1991, seeking back pay and injunctive and declaratory relief. Defendant moved to dismiss the complaint as untimely under the three-year Statute of Limitations of CPLR 214 (2). Supreme Court denied the motion, agreeing with the Commissioner that the complaint sought an equitable remedy and was therefore subject to a six-year Statute of Limitations. The Appellate Division reversed on the law, granted defendant’s motion and dismissed the complaint, concluding that because the Legislature enacted PESHA to create "a newly cognizable cause of action to protect employees who complained about unsafe working conditions” (200 AD2d 27,
 
 *442
 
 29), actions brought under PESHA are governed by CPLR 214 (2), which provides for a three-year limitations period in "an action to recover upon a liability, penalty or forfeiture created or imposed by statute.” This Court granted the Commissioner’s motion for leave to appeal.
 

 Hartnett II
 

 On August 28, 1986, defendant assigned a 16-member crew to open and lay out bundles of railroad ties as part of the installation of new rails and ties on a local track. Twelve of the workers refused to perform this task because of slippery conditions and the presence of water in close proximity to a live third rail. The next day each of the 12 workers was charged with insubordination and suspended for 10 days. The workers and Local 100 appealed the disciplinary charges pursuant to the grievance procedures of the collective bargaining agreement and the suspension was reduced to three days. On October 31, 1986, 63 days after the workers were suspended, Local 100 filed a complaint on their behalf with the Department of Labor. The Department investigated the complaint and determined that defendant had discriminated against the 12 workers in violation of PESHA. The complaint was referred to the Attorney-General, who commenced this action on March 21, 1991.
 

 Defendant moved to dismiss the action as barred by the 30-day limitation period for filing employee complaints with the Department of Labor under Labor Law § 27-a (10), as well as by CPLR 214 (2)’s three-year Statute of Limitations. Supreme Court granted the motion to dismiss the complaint based on failure to file the complaint with the Commissioner within the 30-day limitations period. The Appellate Division affirmed. Relying on Federal decisions interpreting the United States Occupational Safety and Health Act (29 USC § 651
 
 et seq.)
 
 (OSHA), upon which PESHA is based, the Appellate Division concluded that the 30-day period is mandatory, rather than directory, and that an action based on a complaint not filed within that time period must be dismissed. The Court declined to reach the CPLR Statute of Limitations issue. This Court granted the Commissioner’s motion for leave to appeal.
 

 PESHA
 

 The Legislature enacted PESHA in 1980 to provide individuals working in the public sector with the same or greater workplace protections provided to employees in the private sector under OSHA
 
 (see,
 
 Governor’s Approval Mem, 1980 NY
 
 *443
 
 Legis Ann, at 285). Under PESHA, public employers must provide employees with workplaces that are free of recognized hazards likely to cause serious physical injury and which reasonably and adequately protect their lives, safety and health (Labor Law §27-a [3] [a]). Section 27-a (5) encourages employees and their representatives to report violations of health and safety standards, while subdivision (10) makes it unlawful to discharge, discipline or in any manner discriminate against any employee "because of the exercise by such employee on behalf of himself or others of any right afforded by this section.” Furthermore, "[a]ny employee who believes that he has been discharged, disciplined, or otherwise discriminated against by any person in violation of this subdivision may, within thirty days after such violation occurs, file a complaint with the commissioner” (Labor Law § 27-a [10] [b]). PESHA does not expressly provide victims of discrimination with a private right of action, nor does it specify the Statute of Limitations applicable to actions brought under its provisions.
 

 Hartnett I
 

 The issue in
 
 Hartnett I
 
 is whether a three-year (CPLR 214 [2]) or six-year (CPLR 213 [1]) Statute of Limitations applies. Resolution of this issue is determinative of the case because the suit is timely only under the six-year Statute of Limitations.
 

 It is the Commissioner’s position that since PESHA does not specify a limitations period, and a PESHA action seeks relief of an equitable nature, the appropriate limitation period is six years under CPLR 213 (1), the "residual” Statute of Limitations which governs actions in equity. The Commissioner concedes that PESHA is a creature of statute unknown at common law, but argues that CPLR 214 (2) is nonetheless inapplicable because an action under PESHA cannot be considered one to "recover upon a liability” within the meaning of that rule. Instead, the Commissioner urges this Court to ascribe dispositive significance to the fact that PESHA’s remedies are equitable in nature.
 

 At the outset, we note that CPLR 213 (1) is not necessarily or automatically applicable simply because PESHA does not specify a limitations period. Rather, in the absence of a limitation period specifically governing the claim at issue, "it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the
 
 *444
 
 relief sought”
 
 (Solnick v Whalen,
 
 49 NY2d 224, 229;
 
 see, Press v County of Monroe,
 
 50 NY2d 695). Such an examination here reveals that the rights created, and duties imposed, exist only by virtue of PESHA, which prohibits discrimination against public employees who assert their rights under that statutory scheme.
 

 Furthermore, it is settled that in determining the applicability of CPLR 214 (2), the pertinent inquiry is whether the statute creates a liability "for wrongs not recognized in the common or decisional law,” and which would not exist but for the statute
 
 (State of New York v Cortelle Corp.,
 
 38 NY2d 83, 86;
 
 see, Aetna Life & Cas. Co. v Nelson,
 
 67 NY2d 169, 175;
 
 State of New York v Stewart’s Ice Cream Co.,
 
 64 NY2d 83, 88;
 
 Murphy v American Home Prods. Corp.,
 
 58 NY2d 293, 307; Siegel, NY Prac § 35, at 41 [2d ed]). As noted, it is undisputed that Labor Law § 27-a (10) creates a cause of action unknown in the common law.
 

 It is the Commissioner’s contention, however, that CPLR 214 (2) is inapplicable because the term "liability,” as it is used in that rule, refers only to obligations measurable in money damages. We reject this overly restrictive construction of the phrase "recover upon a liability * * * created or imposed by statute” (CPLR 214 [2]). As the Appellate Division aptly observed, "liability,” as a legal term, has an appreciably broader meaning than pecuniary obligations. Black’s Law Dictionary, for instance, defines liability as a "broad legal term” having "the most comprehensive significance, including almost every character of hazard or responsibility” (1990, at 914 [6th edj). Furthermore, courts have rejected the proposition that "liability” means money damages only
 
 (see, Krenger v Pennsylvania R. R. Co.,
 
 174 F2d 556, 558-559 [2d Cir];
 
 Mayfield v First Natl. Bank,
 
 137 F2d 1013, 1019 [6th Cir]). In
 
 Bevelander v Town of Islip
 
 (10 AD2d 170, 172), the Court expounded upon the term "liability” as it was used in Civil Practice Act § 48 (2), one of the three sections of the Civil Practice Act consolidated into what is now CPLR 214 (2): "A proper test of whether a particular liability is one that was created by statute is to determine whether the liability is 'a governmental statutory denouncement of a human action heretofore undenounced’ ” (quoting
 
 Fratt v Robinson,
 
 203 F2d 627, 635). Applying these definitions, this PESHA action is manifestly one to recover upon a liability created by statute, to which CPLR 214 (2) clearly applies. This action was properly dismissed as untimely.
 

 
 *445
 
 We note that
 
 Baker v Board of Educ.
 
 (70 NY2d 314) does not aid the Commissioner here, inasmuch as the question of CPLR 214 (2)’s applicability was not before the Court in that case. Finally, the Commissioner’s argument that a three-year limitations rule impermissibly or improperly conflicts with the rule applied in antidiscrimination cases under OSHA, where only the equitable doctrine of loches bars stale claims, is unpreserved for our review, as the issue was not raised in Supreme Court.
 

 Hartnett II
 

 In
 
 Hartnett II
 
 we address the question whether the 30-day time period for filing a PESHA discrimination complaint with the Commissioner of Labor pursuant to Labor Law § 27-a (10) (b) is waivable by the Commissioner. The courts below dismissed the action as time-barred on the ground that the Transport Workers’ Union, Local 100, filed the complaint of discrimination with the Commissioner 63 days after the workers were suspended.
 

 Under PESHA, workers who believe they have been subjected to discrimination for protesting unsafe working conditions "may, within thirty days after such violation occurs, file a complaint with the commissioner alleging such discrimination” (Labor Law § 27-a [10] [b]). The Commissioner must accept for such investigation "as he deems appropriate” all such timely filed complaints
 
 (id.).
 
 As to late filings, however, it is the Commissioner’s position that the 30-day period is waivable by him, "when circumstances justify it,” in order to preserve and further the remedial purposes of PESHA. The Commissioner asserts that his interpretation of the 30-day time period is consistent with OSHA and its implementing regulations.
 

 In language virtually identical to PESHA, OSHA provides that private sector employees who have been discriminated against have 30 days within which to file a complaint (29 USC § 660 [c] [2]). The Secretary of Labor, unlike the Commissioner, has promulgated regulations implementing OSHA. These regulations, as they pertain to the issue at bar, provide:
 

 "(2) A major purpose of the 30-day period in this provision is to allow the Secretary to decline to entertain complaints which have become stale. Accordingly, complaints not filed within 30 days of an alleged violation will ordinarily be presumed to be untimely. (3) However, there may be circum
 
 *446
 
 stances which would justify tolling of the 30-day period on recognized equitable principles or because of strongly extenuating circumstances, e.g., where the employer has concealed, or misled the employee regarding the grounds for discharge or other adverse action; or where the discrimination is in the nature of a continuing violation. The pendency of grievance-arbitration proceedings or filing with another agency, among others, are circumstances which do not justify tolling the 30-day period. In the absence of circumstances justifying a tolling of the 30-day period, untimely complaints will not be processed” (29 CFR 1977.15 [d] [1][3]).
 

 The Commissioner’s position that the 30-day period is intended for his benefit is thus supported by OSHA’s implementing regulations, which permit tolling of the time period based on "recognized equitable principles” or "extenuating circumstances.” However, Federal courts have interpreted the 30-day language as a Statute of Limitations which is subject to equitable tolling principles
 
 (see, e.g., Donovan v Hahner, Foreman & Harness,
 
 736 F2d 1421, 1423-1424 [10th Cir];
 
 Donovan v Peter Zimmer Am.,
 
 557 F Supp 642, 650).
 

 The Commissioner’s authority as it relates to the 30-day filing requirement in PESHA is not restricted by Federal regulations or case law implementing and interpreting OSHA. The statutory scheme differs, as OSHA regulates private sector employers, whereas PESHA applies to State public sector employers. Consequently, the Commissioner may rationally adopt a different interpretation of the 30-day filing requirement as a means of effectuating the remedial purpose of the statute
 
 (see,
 
 Labor Law § 27-a [4] [b] [ii]). As the Commissioner aptly points out, the 30-day period is extremely short in the context of a statutory scheme where uncounseled laypeople often initiate the investigatory process. Nor is a strict, technical construction of the 30-day filing requirement necessary to protect employers, since they already benefit from CPLR 214 (2)’s three-year Statute of Limitations. In view of the statute’s intent to benefit employees, it would be anomalous to recognize a second, shorter Statute of Limitations favoring employers.
 

 Contrary to respondent’s contention, the Commissioner’s discretion to decide which late filings he will decline to accept
 
 *447
 
 for investigation is not unrestrained. Importantly, the Commissioner’s actions remain subject to judicial scrutiny for arbitrary and abusive exercise of discretion. The Commissioner is bound to interpret and administer PESHA’s 30-day filing mechanism in a consistent and predictable manner which will provide guidance to litigants and promote stability in the law
 
 (see, Matter of Field Delivery Serv. [Roberts],
 
 66 NY2d 516, 519-520). In addition, the Commissioner can promulgate regulations to insure these objectives.
 

 Respondent argues that the Commissioner is precluded from using grievance-arbitration proceedings under a collective bargaining agreement as a basis for excusing a late filing, relying on the OSHA regulation which excludes the "pendency of grievance-arbitration proceedings” as a circumstance justifying a toll of the 30-day period
 
 (see,
 
 29 CFR 1977.15 [d] [3]). This language was added in 1985 to conform the rule to the United States Supreme Court’s decision in
 
 Electrical Workers v Robbins & Myers
 
 (429 US 229), where it was held that the statutory period for filing a title VII claim with the Equal Employment Opportunity Commission was not tolled during the pendency of grievance-arbitration proceedings under a collective bargaining agreement
 
 (see,
 
 50 Fed Reg 32844).
 

 Cases interpreting title VII of the Civil Rights Act of 1964 provide guidance for courts interpreting OSHA provisions since the employment discrimination statutes are analogous
 
 (see, Marshall v N.L. Indus.,
 
 618 F2d 1220, 1222 [7th Cir]). However, as stated earlier, the Federal precedents are not binding in interpreting a State statute such as PESHA, and we conclude that a sound State basis exists for interpreting PESHA differently from the Supreme Court’s interpretation of title VII’s filing requirements in
 
 Robbins & Myers (supra).
 
 In
 
 Robbins & Myers,
 
 the Supreme Court rejected arguments for tolling the title VII filing period during the pendency of grievance-arbitration procedures under the collective bargaining agreement based on " 'congressional emphasis upon the * * * independence of the two remedies’ ” (429 US, at 237). Here, by contrast, no such mutual exclusivity concern is implicated; indeed employee resort to grievance-arbitration proceedings in collective bargaining agreements is favored in this State
 
 (see, Matter of Board of Educ. v Ambach,
 
 70 NY2d 501, 509-510). Furthermore, we note that title VII allows 180 days for filing a claim with the Equal Employment Opportunity Commission, whereas PESHA’s unusually short 30-day period weighs in favor of a liberal construction of the time
 
 *448
 
 requirement which permits the Commissioner to waive or toll late filings on a case-by-case basis.
 

 Although we conclude that the complainants’ failure to comply with PESHA’s 30-day filing requirement in this case does not operate as a time bar to an action brought by the Commissioner, this action should nonetheless be dismissed because it was commenced after expiration of the three-year Statute of Limitations of CPLR 214 (2).
 

 Accordingly, in each case, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 In each case: Order affirmed, with costs.