■ J. HERBERT MULLER, Appellant, v MARIAN HANNON, Respondent. [637 NYS2d 433] —In an action, *inter alia*, to recover damages for fraud, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Colabella , J.), entered December 12, 1994, as denied its motion for summary judgment on the fraud cause of action and, on the court's own motion, dismissed the remaining causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, J. Herbert Muller, paid the defendant $96,500 pursuant to a commission agreement in connection with the sale of certain properties that are located in Manhattan. The plaintiff contends that the defendant fraudulently represented herself to be a real estate broker in order to procure a commission in violation of Real Property Law § 442-a.

The plaintiff's first cause of action alleges fraud. The three remaining causes of action are based on a violation of Real Property Law § 442-a, which precludes a real estate salesperson from receiving compensation of any kind from anyone other than a licensed real estate broker. The defendant claims that the so-called commission was purely gratuitous and that she never held herself out to be a real estate salesperson or broker. The Supreme Court denied the plaintiff's motion for summary judgment on the fraud cause of action and, on its own motion, dismissed the remaining causes of action as barred by the applicable Statute of Limitations.

The causes of action based on Real Property Law § 442-a were properly dismissed pursuant to CPLR 214 (2), which provides for a three-year Statute of Limitations in an action to recover upon a liability imposed by statute. Although in some cases causes of action for money had and received are subject to the six-year Statute of Limitations (*see, Board of Educ. v*

*Jones*, 205 AD2d 486; *Board of Educ. v Rettaliata*, 192 AD2d 569), the dismissed causes of action were clearly based on Real Property Law § 442-a, which imposes a liability that does not exist but for the statute (*see, Hartnett v New York City Tr. Auth.*, 86 NY2d 438; Mem of Brooklyn Real Estate Board, Bill Jacket, L 1922, ch 672).

The plaintiff's motion for summary judgment on the fraud cause of action was properly denied because the documents relied upon by the plaintiff do not conclusively prove that the defendant fraudulently misrepresented herself to the plaintiff. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.