■ SUZY SHECHTMAN, on Behalf of Herself and All Others Similarly Situated, Respondent, v SVERDRUP AND PARCEL CONSULTANTS, INC., et al., Appellants. [641 NYS2d 279] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered November 18, 1994, which denied plaintiff's motion for partial summary judgment on the first cause of action,* denied defendant Kiernan's cross motion for summary judgment dismissing the entire complaint as against him, and granted the cross motion by defendant Sverdrup and Parcel Consultants ("S&PC") for partial summary judgment only to the extent of dismissing the third cause of action, unanimously modified, on the law, defendants' cross motions are granted in their entirety, the entire complaint is dismissed, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint herein.

This is a taxpayer class action against an engineering consultant and a town supervisor, in connection with facilities improvements at the Harbor Hills Park District of the Town of North Hempstead, which were completed in October 1987. The complaint, originally filed in April 1991, alleges waste by reason of payment of extras without the required written authorization, illegal gifts to public officials, and overbilling.

This type of action did not exist at common law (Herzog v Town of Thompson, 216 AD2d 801, 804), but is purely a creature of statute, viz., General Municipal Law § 51 (Duffy v Longo, 207 AD2d 860, 862-863, appeal dismissed 86 NY2d 779). As such, it is governed by the three-year Statute of Limitations (CPLR 214 [2]; Hartnett v New York City Tr. Auth., 86 NY2d

---

* Plaintiff has not pursued her noticed appeal on this aspect of the order.

438). The action was thus untimely, and the complaint as against the individual defendant should have been dismissed on Kiernan's motion for summary judgment.

Commencement was similarly untimely against the contractor, who was otherwise a proper party to such an action (*see, Gaynor v Rockefeller*, 21 AD2d 92, 98, *affd* 15 NY2d 120). Even though S&PC's cross motion for partial summary judgment was directed only to the second and third causes of action, search of the record warranted dismissal of the entire complaint against that party (CPLR 3212 [b]).

In light of this result, we find it unnecessary to reach the other points raised on appeal. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.