■ VELIA DOYLE et al., Appellants-Respondents, v BOARD OF EDUCATION OF THE DEER PARK UNION FREE SCHOOL DISTRICT, Respondent, and DEER PARK TEACHERS ASSOCIATION, Respondent-Appellant. [646 NYS2d 842] —In an action to recover damages for employment discrimination pursuant to Executive Law § 296, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated February 2, 1995, as granted the motion of the defendant Board of Education of the Deer Park Union Free School District to dismiss the complaint insofar as asserted against it. The defendant Deer Park Teachers Association cross-appeals from so much of the same order as denied its motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, without costs or disbursements, the motion of the defendant Deer Park Teachers Association is granted, and the complaint is dismissed in its entirety.

The Supreme Court properly concluded that the plaintiffs' action against the Board of Education of the Deer Park Union Free School District (hereinafter Board of Education) was barred by Education Law § 3813 (1), which requires the filing of a notice of claim within three months after the accrual of a cause of action. While the failure to file a notice of claim will not be fatal where the action is brought to vindicate a public interest (see, Mills v County of Monroe, 59 NY2d 307, 312), such is not the case here, where the plaintiffs seek damages for lost retirement benefits (see, Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights, 226 AD2d 794). Because the plaintiffs failed to timely file a notice of claim, the action is barred insofar as asserted against the Board of Education (see, Stoetzel v Wappingers Cent. School Dist., 166 AD2d 643).

The plaintiffs have not alleged that the retirement plan in

question was merely a subterfuge to evade the purposes of Executive Law § 296 (*see,* Executive Law § 296 [3-a] [g]; *see also, Ohio Pub. Empls. Retirement Sys. v Betts,* 492 US 158, 180-181). The Supreme Court therefore erred in denying the motion of Deer Park Teachers Association to dismiss the complaint insofar as asserted against it.

In light of our determination, we need not consider the parties' remaining contentions. Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.