■ In the Matter of FASAL YAGAN, Respondent, v ROY A. BERNARDI, as Mayor of City of Syracuse, et al., Appellants. [684 NYS2d 117] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly determined that the notice of claim requirement set forth in section 8-115 (3) of the Syracuse City Charter does not apply to an action for a judgment declaring that a provision of the City's Tax and Assessment Act is unconstitutional. Section 8-115 (3) provides that "[n]o action or special proceeding, for any cause whatever * * * shall be prosecuted or maintained against the city unless it shall appear * * * that a written verified claim upon which such action or special proceeding is founded was served on the city". The notice of claim requirement in Education Law § 3813 (1), which is similar to the notice of claim requirement in section 8-115 (3), does not apply to declaratory judgment actions seeking relief from a void real property tax (*see, Niagara Mohawk Power Corp. v City School Dist.*, 59 NY2d 262, 267-268; *Troy Towers Redevelopment Co. v City of Troy*, 51 AD2d 173, 176, *affd* 41 NY2d 816). Further, the notice of claim requirement in Education Law § 3813 (1) does not apply where, as here, a party seeks to vindicate a public interest (*see, Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.*, 35 NY2d 371, 379-380, *rearg denied* 36 NY2d 807). We perceive no reason to reach a different result with respect to section 8-115 (3) of the Syracuse City Charter. A facial challenge to the constitutionality of a real property tax law raises only a legal issue. There is no need for the City to conduct an investigation and, because a declaration of unconstitutionality ordinarily is only applied to cases already in litigation (*see, e.g., Matter of McCann v Scaduto*, 71 NY2d 164, 178), there is no likelihood that the City would be faced with stale claims. Even in those cases where a factual issue may exist whether the tax law is constitutional as applied to the taxpayer, that factual issue usually is based on the City's own tax and assessment records, and the City has "no need for a prior notice of claim to allow for investigation, adjustment or administrative action" (*Niagara Mohawk Power Corp. v City School Dist., supra*, at 271).

The court also properly determined that section 19-51 of the City's Tax and Assessment Act fails to provide a property

owner with actual notice by mail of the expiration of the one-year redemption period and thus fails to satisfy the minimal requirements of due process (*see, Matter of McCann v Scaduto, supra; cf., Mennonite Bd. of Missions v Adams*, 462 US 791). Section 19-51 requires the City Commissioner of Finance to mail a notice of the expiration of the redemption period only to "any person interested in any lands so sold and unredeemed" who has notified the Commissioner of Finance that he wishes such notice to be sent. Such "notice-by-request" provisions fail to meet the minimal due process standards for notice (*see, Matter of Foreclosure of Tax Liens by County of Erie [Manufacturers & Traders Trust Co.*, 103 AD2d 636, 639-640). Further, that defect was not cured when, after expiration of the one-year redemption period, the Commissioner of Finance mailed a notice to petitioner allowing him to redeem the property by paying the redemption amount within three weeks. That notice has the effect of reducing the redemption period from one year to three weeks; it "does not afford a realistic opportunity to produce the funds necessary to avoid forfeiture of the title or sell the encumbered property" and thus does not afford due process (*Matter of McCann v Scaduto, supra*, at 178).

Finally, we note that section 19-46 of the City's Tax and Assessment Act does not provide property owners with actual notice by mail of the date of the tax sale and, on its face, is of dubious validity (*see, Matter of McCann v Scaduto, supra; cf., Mennonite Bd. of Missions v Adams, supra*). The court did not decide whether that section afforded due process to petitioner, and we note that there is a factual issue whether petitioner actually received notice by mail that would comport with due process. Thus, we do not reach the issue whether section 19-46 deprived petitioner of due process. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—CPLR art 78.) Present—Denman, P. J., Pine, Pigott, Jr., Balio and Fallon, JJ.