■ CARL R. CHARLESON et al., Respondents, v CITY OF LONG BEACH et al., Appellants. [747 NYS2d 578]

In July 1999 the defendant Eugene C. Cammarato was appointed to the position of Director of Operations for the City of Long Beach, and the defendant Robert Piazza was appointed to the position of Special Projects Manager. In July 2000 the defendant Michelle Meiselman was appointed to the full-time position of Executive Assistant to the Director of Operations. The positions were set forth in budgets approved by the City Council, comprised of the defendants Joel Crystal, Barbara J. Mosca, Edmund A. Buscemi, Denis G. Kelly, Scott K. Nigro, and Catherine Pirrone. The appointments were made by the defendant Bruce Nyman, the City Manager.

The plaintiffs, who are residents and taxpayers of the City of Long Beach, commenced this action pursuant to General Municipal Law § 51, inter alia, seeking a declaration that the positions were not legally created and staffed, and were a waste of taxpayer funds. They sought an order restraining further payment of compensation for the positions and restitution of all compensation already paid. Further, they alleged that the appointments violated Long Beach City Charter (hereinafter City Charter), article 2, § 14, which prohibits partisan political appointments. The Supreme Court, inter alia, granted the plaintiffs' cross motion for partial summary judgment on their causes of action for declaratory and injunctive relief, and denied the defendants' motion for summary judgment dismissing the complaint. We modify.

The plaintiffs argue that given the nature of the positions at issue, including the powers, duties, and authority thereunder, and the titles and salaries, the positions are de facto public or city offices that can only be lawfully created by legislative enactment, which did not occur. The challenged positions, they note, are not among the lawfully created offices set forth in City Charter, article 2, § 11 which may be filled by appointment by the City Manager. The defendants argue that the challenged positions are not de facto public or city offices and that the powers and authority exercised thereunder are not

commensurate with public or city offices that may only be lawfully created by legislative enactment. Rather, the defendants argue, the positions are duly created civil service positions that require no legislative action and that they were filled by the City Manager in a proper exercise of his general powers under the City Charter, not under article 2, § 11 of the City Charter. On the limited record made, these arguments raise triable issues of fact. Thus, the plaintiffs should not have been granted summary judgment on their causes of action for declaratory and injunctive relief. We note that the plaintiffs' request for injunctive relief appears to have been rendered academic. The defendants assert that the disputed positions of Special Projects Manager and Executive Assistant to the Director of Operations no longer exist, that Piazza and Meiselman have been reassigned to existing civil service positions, and that the position of Director of Operations has since been duly established as an appointive office by the City Council.

However, contrary to the defendants' contentions, there are questions of fact as to whether restitution may be compelled as against any defendant pursuant to General Municipal Law § 51 (*see Mesivta of Forest Hills Inst. v City of New York,* 58 NY2d 1014; *Stewart v Scheinert,* 47 NY2d 826; *Gaynor v Rockefeller,* 15 NY2d 120; *Schwep v Town Bd. of Town of Clarkstown,* 243 AD2d 459; *Duffy v Longo,* 207 AD2d 860), and whether the appointments violated City Charter, article 2, § 14. Thus, the defendants were properly denied summary judgment dismissing the plaintiffs' causes of action seeking such a remedy and determination.

Finally, the plaintiffs' causes of action are not barred by the statute of limitations (*see* CPLR 214 [2]; *Gaidon v Guardian Life Ins. Co. of Am.,* 96 NY2d 201; *Hartnett v New York City Tr. Auth.,* 86 NY2d 438; *Shechtman v Sverdrup & Parcel Consultants,* 226 AD2d 268; *cf. Clowes v Pulver,* 258 AD2d 50). Ritter, J.P., Krausman, McGinity and Luciano, JJ., concur.