■ THOMAS ESPIE et al., Appellants, et al., Plaintiffs, v THOMAS MURPHY et al., Respondents. [825 NYS2d 272]—

In an action, inter alia, to recover damages for legal malpractice and waste of municipal funds, the plaintiffs Thomas Espie and Betty Espie appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 5, 2005, as granted the motion of the defendants Thomas Murphy, Michael Dungan, Mary Percesepe, Lorraine Tracey, Louis Murasso, Patrick Hinkley, Dennis Leary, Joseph Davis, John Baisley, Dominic Seminara, Thomas Bauer, Michael Sifone, Stephan Krakower, and Town of Poughkeepsie pursuant to CPLR 3211 to dismiss the amended complaint insofar as asserted by them and denied, as academic, the plaintiffs' cross motion to consolidate this action with an action entitled *Espie v Town of Poughkeepsie,* commenced in the Supreme Court, Dutchess County, under index No. 1187/05.

Ordered that the order is affirmed insofar as appealed from, with costs.

A taxpayers' action alleging illegal official acts or waste of municipal funds (*see* General Municipal Law § 51) is subject to the three-year statute of limitations set forth in CPLR 214 (2) (*see Charleson v City of Long Beach,* 297 AD2d 775, 777 [2002]; *Shechtman v Sverdrup & Parcel Consultants,* 226 AD2d 268 [1996]; *but see Clowes v Pulver,* 258 AD2d 50 [1999] [applying one-year statute of limitations set forth in CPLR 215 (4)]). The

statute of limitations for legal malpractice claims is also three years (*see* CPLR 214 [6]).

The conduct the appellants complain of relates to the defendant Town of Poughkeepsie's purchase of certain real property from the appellants, and that purchase was consummated by the parties' execution of a closing agreement on September 18, 1996. Thus, the three-year limitations period expired on September 18, 1999. The appellants did not commence this action until November 4, 2004. Accordingly, the Supreme Court properly determined that the amended complaint insofar as asserted by the appellants was time-barred.

The appellants' remaining contentions either are without merit or need not be reached in light of the foregoing. Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.