■ PAUL ELDRIDGE, Respondent, v CARMEL CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION et al., Appellants. [920 NYS2d 155]—

The plaintiff, as Personnel Officer of Putnam County and Personnel Director for the Putnam County Personnel Department, commenced the instant action on June 2, 2009, pursuant to Civil Service Law § 102 (2), to recover certain sums allegedly illegally paid by the defendant Carmel Central School District Board of Education (hereinafter the Board of Education), as well as the following defendants in their individual capacities: Richard Kreps, as president of the Board of Education, Greg Riley, as vice-president of the Board of Education, Jennifer Dougherty, as trustee of the Board of Education, James Mac-Donald, as trustee of the Board of Education, Heyam Nesheiwat, as trustee of the Board of Education, Steve Port, as trustee of the Board of Education, Marilyn Terranova, as the former superintendent of schools, Ronald Wilson, as the former assistant superintendent for business and the interim superintendent of schools, Eric Stark, as the assistant superintendent for business, and Linda Haywood, as assistant business manager (hereinafter collectively the individual defendants). The plaintiff alleged that the defendants illegally paid or authorized payment of salary or compensation to nonparty Joseph Gramando, totaling approximately $233,245, from February 10, 2006, through October 15, 2008. Pursuant to Civil Service Law § 102 (2), the plaintiff sought to recover these funds from the defendants and to deposit them into the treasury of Putnam County. The defendants moved to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (1), (7), and, in effect, (5). The Supreme Court denied the motion in its entirety.

The Supreme Court erred in denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the Board of Education. Pursuant to Civil Service Law § 102 (2), any sums which are paid in violation of Civil Service Law § 100 "may be recovered from any officer or officers by whom the person or persons receiving the same were appointed in violation of the

provisions of law . . . or any officer signing or countersigning or authorizing the signing or countersigning of any warrant for the payment of the same" (Civil Service Law § 102 [2]). As the Board of Education was not such an officer, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the complaint for failure to state a cause of action insofar as asserted against the Board of Education.

However, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the individual defendants on the ground that they were not proper parties under Civil Service Law § 102 (2). Contrary to the defendants' contention, the complaint sufficiently alleged that the defendants Kreps, Riley, Dougherty, MacDonald, Nesheiwat, Port, and Shilling, as individual members of the Board of Education, were "officers by whom [nonparty Joseph Gramando] w[as] appointed in violation of the provisions of law and of the rules made in pursuance of law" (Civil Service Law § 102 [2]). Additionally, the complaint sufficiently alleged that the defendants Terranova, Wilson, Stark, and Haywood were "officer[s] signing or countersigning or authorizing the signing or countersigning of any warrant for the payment of" salary or compensation distributed to nonparty Joseph Gramando contrary to the provisions of Civil Service Law § 100 (Civil Service Law § 102 [2]).

Furthermore, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against the individual defendants on the ground that the plaintiff failed to notify "the appropriate disbursing and auditing officers" within the meaning of Civil Service Law § 100 (1) (a) that Gramando was being employed in violation of the law. Contrary to the defendants' contention, notification to "the appropriate disbursing and auditing officers" that a person has been "promoted, transferred, assigned, reinstated or otherwise employed" in violation of the law is not a condition precedent to an action to recover sums illegally paid under Civil Service Law § 102 (2) where, as here, the plaintiff has alleged that the salary and compensation disbursed to Gramando was paid and approved without proper certification of the payroll by the civil service department or municipal commission having jurisdiction (Civil Service Law § 100 [1] [a]; see Civil Service Law § 102 [2]). Moreover, the defendants failed to submit documentary evidence conclusively establishing that the salary and compensation allegedly paid to Gramando in violation of the law was properly certified by the civil service department or municipal

commission having jurisdiction, as required by Civil Service Law § 100 (1) (a).

The Supreme Court also properly denied that branch of the defendants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint insofar as asserted against the individual defendants for failure to timely serve a notice of claim. Contrary to the defendants' contention, an action commenced pursuant to Civil Service Law § 102 (2) is an action "to vindicate a public interest" to which the notice of claim requirement in Education Law § 3813 (1) does not apply (*Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.*, 35 NY2d 371, 379-380 [1974]; *see Matter of Yagan v Bernardi*, 256 AD2d 1225 [1998]; *Matter of Mary's Bus Serv. v Rondout Val. Cent. School Dist.*, 238 AD2d 829, 831 [1997]; *Matter of Rampello v East Irondequoit Cent. School Dist.*, 236 AD2d 797 [1997]; *cf. Mills v County of Monroe*, 59 NY2d 307, 312 [1983], *cert denied* 464 US 1018 [1983]; *Cavanaugh v Board of Educ. of Huntington Union Free School Dist.*, 296 AD2d 369 [2002]; *Doyle v Board of Educ. of Deer Park Union Free School Dist.*, 230 AD2d 820 [1996]; *Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights*, 226 AD2d 794 [1996]; *Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.*, 214 AD2d 288 [1995]).

The Supreme Court properly denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (5), to dismiss the complaint in its entirety as barred by the one-year statute of limitations in Education Law § 3813 (2-b). "All of the public policy considerations for finding that Education Law § 3813's notice of claim requirement is inapplicable to [this action] are equally valid with respect to the Statute of Limitations set forth in [section 3813 (2-b)]" (*Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney*, 89 NY2d 395, 403 [1996]; *but see Board of Educ. of Katonah-Lewisboro School Dist. v Board of Educ. of Carmel Cent. School Dist.*, 174 AD2d 704 [1991]). "[I]n the absence of a limitation period specifically governing the [action] at issue, 'it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought' " (*Hartnett v New York City Tr. Auth.*, 86 NY2d 438, 443-444 [1995], quoting *Solnick v Whalen*, 49 NY2d 224, 229 [1980]). As this is "an action to recover upon a liability, penalty or forfeiture created or imposed by statute" (CPLR 214 [2]), a three-year statute of limitations is applicable (*see* CPLR 214 [2]; *Espie v Murphy*, 35 AD3d 348 [2006]; *Charleson v City of Long Beach*, 297 AD2d 775 [2002]; *Shechtman v Sverdrup & Parcel Consult-*

*ants*, 226 AD2d 268 [1996]). Accordingly, the plaintiff's action to recover sums allegedly illegally paid should be limited to the money paid to Gramando on or after June 2, 2006 (*see* General Construction Law § 20).

The defendants' contention that the first cause of action insofar as asserted against the individual defendants should be dismissed pursuant to CPLR 3211 (a) (1) and (7) on the ground that any sums paid on or before April 9, 2007, are unrecoverable because the plaintiff expressly extended Gramando's provisional appointment until that date is without merit. Contrary to the defendants' contention, the plaintiff is not required, nor does he have the authority, to extend or terminate provisional appointments. It is the obligation of the appointing authority to terminate all provisional appointments "within two months following the establishment of an appropriate eligible list for filling vacancies" (Civil Service Law § 65 [3]). The power of the civil service department and municipal commission lies in their ability to withhold certification "from an entire payroll or from any item or items therein" (Civil Service Law § 100 [1] [a]). As the allegations in the complaint were sufficient to establish that the individual defendants continued to pay and approve salary and compensation to Gramando after the expiration of his provisional appointment and without proper certification of the payroll, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the first cause of action insofar as asserted against the individual defendants pursuant to CPLR 3211 (a) (7). Additionally, the defendants failed to submit documentary evidence conclusively establishing that the payments made to Gramando on or before April 9, 2007, were properly certified as required by Civil Service Law § 100 (1) (a). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the first cause of action insofar as asserted against the individual defendants pursuant to CPLR 3211 (a) (1).

The defendants' remaining contention is without merit. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.