■ Debra Savvis, Appellant, v New York City Department of Education et al., Respondents. [36 NYS3d 402]—

In an action, inter alia, to recover damages for employment discrimination on the basis of sex and a hostile work environment in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated July 16, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to serve a timely notice of claim.

Ordered that the order is affirmed, with costs.

The Supreme Court properly concluded that this action was barred by Education Law § 3813 (1), which required the filing of a notice of claim within three months after the accrual of a cause of action, which admittedly was not done (*see Agostinello v Great Neck Union Free Sch. Dist.*, 102 AD3d 638 [2013]; *Cavanaugh v Board of Educ. of Huntington Union Free School Dist.*, 296 AD2d 369 [2002]; *Sangermano v Board of Coop. Educ. Servs. of Nassau County*, 290 AD2d 498 [2002]). Contrary to the plaintiff's contention, she was not relieved of the notice of claim requirement on the basis that her action was brought to vindicate a public interest (*see Grasso v Schenectady County Pub. Lib.*, 30 AD3d 814 [2006]; *Doyle v Board of Educ. of Deer Park Union Free School Dist.*, 230 AD2d 820 [1996]; *cf. Eldridge v Carmel Cent. School Dist. Bd. of Educ.*, 82 AD3d 1147 [2011]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Hall, J.P., Austin, Miller and Maltese, JJ., concur. 