North Shore Cent. Sch. Dist. v Glen Cove City Sch. Dist. (2025 NY Slip Op 01380)

North Shore Cent. Sch. Dist. v Glen Cove City Sch. Dist.

2025 NY Slip Op 01380

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2020-07047 
2020-07986
 (Index No. 608215/18)

[*1]North Shore Central School District, respondent- appellant, 
v
Glen Cove City School District, appellant-respondent.

Hamburger & Yaffe, LLP, Huntington, NY (David N. Yaffe of counsel), for appellant-respondent.
Frazer & Feldman, LLP, Garden City, NY (Dennis P. O'Brien and Bryan Georgiady of counsel), for respondent-appellant.

DECISION & ORDER
In an action pursuant to Education Law § 3203 to recover the amounts of school taxes levied and collected on properties intersected by the boundary line between adjoining school districts, the defendant appeals, and the plaintiff cross-appeals, from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered September 26, 2019, and (2) an order of the same court entered February 13, 2020. The order entered September 26, 2019, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the first through sixth and eighth through tenth causes of action and so much of the seventh cause of action as related to the properties known as 30 Knott Drive and 155 Piping Rock Road. The order entered September 26, 2019, insofar as cross-appealed from, denied those branches of the plaintiff's cross-motion which were for summary judgment on so much of the seventh cause of action as related to the properties known as 30 Knott Drive and 155 Piping Rock Road and, in effect, dismissing the defendant's second affirmative defense. The order entered February 13, 2020, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order entered September 26, 2019, denying those branches of the defendant's motion which were for summary judgment dismissing the first through sixth and eighth through tenth causes of action and so much of the seventh cause of action as related to the properties known as 30 Knott Drive and 155 Piping Rock Road. The order entered February 13, 2020, insofar as cross-appealed from, in effect, upon reargument, adhered to the determination in the order entered September 26, 2019, denying those branches of the plaintiff's cross-motion which were for summary judgment on so much of the seventh cause of action as related to the properties known as 30 Knott Drive and 155 Piping Rock Road and, in effect, dismissing the defendant's second affirmative defense.
ORDERED that the appeal and the cross-appeal from the order entered September 26, 2019, are dismissed, without costs or disbursements, as that order was superseded by the order entered February 13, 2020, made, in effect, upon reargument; and it is further,
ORDERED that the order entered February 13, 2020, is modified, on the law, by deleting the provision thereof, in effect, upon reargument, adhering to the determination in the order [*2]entered September 26, 2019, denying that branch of the plaintiff's cross-motion which was, in effect, for summary judgment dismissing the defendant's second affirmative defense, and substituting therefor a provision, upon reargument, vacating that determination in the order entered September 26, 2019, and thereupon granting that branch of the cross-motion; as so modified, the order entered February 13, 2020, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff, North Shore Central School District (hereinafter the North Shore District), and the defendant, Glen Cove City School District (hereinafter the Glen Cove District), are adjoining school districts located in Nassau County. On June 20, 2018, the North Shore District commenced this action against the Glen Cove District pursuant to Education Law § 3203(2) to recover school taxes in the sum of $698,763.82 that the Glen Cove District levied and collected on certain properties intersected by the boundary lines of the North Shore District and the Glen Cove District for which the owners of those properties designated the North Shore District as their school district of choice for the 2010-2011 through 2016-2017 school years.
The Glen Cove District moved, inter alia, for summary judgment dismissing the causes of action to recover the school taxes collected by the Glen Cove District for the school years 2010-2011 through 2015-2016 (first through sixth and eighth through tenth causes of action) on the ground, among other things, that those causes of action were barred by the one-year statute of limitations provided by Education Law § 3813(2-b), and dismissing so much of the cause of action to recover the school taxes collected by the Glen Cove District for the school year 2016-2017 (seventh cause of action) as related to the properties known as 30 Knott Drive and 155 Piping Rock Road on the ground that the North Shore District did not provide instructional services for children residing at those properties during that time. The North Shore District opposed the motion and cross-moved, inter alia, for summary judgment on so much of the seventh cause of action as related to the properties known as 30 Knott Drive and 155 Piping Rock Road and, in effect, dismissing the Glen Cove District's second affirmative defense, alleging that the complaint was barred by the statute of limitations. In an order entered September 26, 2019, the Supreme Court, among other things, denied those branches of the Glen Cove District's motion and those branches of the North Shore District's cross-motion. In denying that branch of the Glen Cove District's motion which was for summary judgment dismissing the first through sixth and eighth through tenth causes of action and that branch of the North Shore District's cross-motion which was, in effect, for summary judgment dismissing the Glen Cove District's second affirmative defense, the court determined, inter alia, that the action involved the vindication of a public right, rendering the notice of claim requirement of Education Law § 3813(1) inapplicable, but the action nevertheless remained governed by the one-year limitations period provided by Education Law § 3813(2-b). However, the court found that triable issues of fact existed as to whether an email from the Glen Cove District in December 2016 acknowledging the debt restarted or tolled the statute of limitations pursuant to General Obligations Law § 17-101.
The Glen Cove District moved, among other things, in effect, for leave to reargue those branches of its motion which were for summary judgment dismissing the first through sixth and eighth through tenth causes of action and so much of the seventh cause of action as related to the properties known as 30 Knott Drive and 155 Piping Rock Road. The North Shore District cross-moved, inter alia, for leave to reargue those branches of its cross-motion which were for summary judgment on so much of the seventh cause of action as related to the properties known as 30 Knott Drive and 155 Piping Rock Road and, in effect, dismissing the Glen Cove District's second affirmative defense. In an order entered February 13, 2020, the Supreme Court, in effect, granted leave to reargue and, upon reargument, inter alia, adhered to the determination denying those branches of the Glen Cove District's motion which were for summary judgment dismissing the first through sixth and eighth through tenth causes of action and so much of the seventh cause of action as related to the properties known as 30 Knott Drive and 155 Piping Rock Road, and adhered to the determination denying those branches of the North Shore District's cross-motion which were for summary judgment on so much of the seventh cause of action as related to the properties known as 30 Knott Drive and 155 Piping Rock Road and, in effect, dismissing the Glen Cove District's second affirmative defense. The Glen Cove District appeals, and the North Shore District cross-appeals.
"'A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired'" (Schulman v Schulman Family Enters., 222 AD3d 898, 899 [internal quotation marks omitted], quoting Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 904). "To meet its burden, a defendant must establish when the causes of action accrued" (Philip F. v Roman Catholic Diocese of Las Vegas, 70 AD3d 765, 766; see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 36). "'The burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations or whether the statute of limitations has been tolled'" (Schulman v Schulman Family Enters., 222 AD3d at 899 [internal quotation marks omitted], quoting Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d at 904).
Here, the Glen Cove District failed to meet its initial burden of establishing that the causes of action to recover the school taxes it collected for the school years 2010-2011 through 2015-2016 were untimely. Education Law § 3813(1) requires service of a timely notice of claim as a condition precedent to the commencement of an action against a school district. The notice of claim requirement of Education Law § 3813(1) does not apply, however, where the action seeks to vindicate a public interest in the enforcement of a public right (see Matter of Baumann & Sons Buses, Inc. v Ossining Union Free Sch. Dist., 121 AD3d 1110, 1112; Doyle v Board of Educ. of Deer Park Union Free School Dist., 230 AD2d 820; Sephton v Board of Educ. of City School Dist. of City of N.Y., 99 AD2d 509, 509). Pursuant to Education Law § 3813(2-b), no such action based on the notice of claim may be commenced more than one year after the cause of action arose (see Blaize v New York City Dept. of Educ., 205 AD3d 871).
As the Supreme Court determined, an action commenced pursuant to Education Law § 3203 is an action to vindicate a public interest, and therefore, the notice of claim requirement of Education Law § 3813(1) does not apply (see Matter of Baumann & Sons Buses, Inc. v Ossining Union Free Sch. Dist., 121 AD3d at 1112; Doyle v Board of Educ. of Deer Park Union Free School Dist., 230 AD2d 820). However, the court erred in finding that the one-year limitations period provided by Education Law § 3813(2-b) remained applicable. Where, as here, an action is one to vindicate a public interest, the public interest exception rendering the notice of claim requirement of Education Law § 3813(1) inapplicable also applies to the one-year statute of limitations provided by Education Law § 3813(2-b) (see Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney, 89 NY2d 395; Eldridge v Carmel Cent. School Dist. Bd. of Educ., 82 AD3d 1147, 1150). To the extent the court relied upon Board of Educ. of Katonah-Lewisboro School Dist. v Board of Educ. of Carmel Cent. School Dist. (174 AD2d 704) in finding that a one-year limitations period applied, we note that case was decided prior to the Court of Appeals' decision in Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney (89 NY2d 395).
"'[I]n the absence of a limitation period specifically governing the [action] at issue, it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought'" (Eldridge v Carmel Cent. School Dist. Bd. of Educ., 82 AD3d at 1150 [internal quotation marks omitted], quoting Hartnett v New York City Tr. Auth., 86 NY2d 438, 443-444). It is undisputed that the North Shore District's right to recover the school taxes collected by the Glen Cove District exists by virtue of Education Law § 3203. This action is therefore governed by the three-year statute of limitations for "an action to recover upon a liability, penalty or forfeiture created or imposed by statute" (CPLR 214[2]; see Contact Chiropractic, P.C. v New York City Tr. Auth., 31 NY3d 187, 196; Eldridge v Carmel Cent. School Dist. Bd. of Educ., 82 AD3d at 1150; Connetquot Cent. School Dist. v Greenport Union Free School District, 100 AD2d 923).
The question now becomes when did the causes of action to recover against the Glen Cove District pursuant to Education Law § 3203 accrue, an issue of apparent first impression. "Generally, [a] cause of action does not accrue until its enforcement becomes possible, which occurs as soon as a claimant is able to state the elements of that cause of action, and hence, to assert a valid right to some sort of legal relief" (Bank of N.Y. Mellon v Dieudonne, 171 AD3d at 36 [citation and internal quotation marks omitted]; see CPLR 203[a]; B.F. Reproductive Medicine Assoc. of N.Y., [*3]LLP, 30 NY3d 608, 615; Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175; County of Suffolk v Suburban Hous. Dev. & Research, Inc., 160 AD3d 607, 609).
Education Law § 3203(2) provides, in relevant part, that the school district that "does not furnish instructional service to the children residing on such property shall pay to the district designated . . . the amount of the tax on such property so levied and collected. If any such district shall fail or refuse on demand to pay the amount of any tax so collected, the school authorities of the district designated and furnishing the instructional service may recover the amount in an action therefor."
"'The primary consideration of courts in interpreting a statute is to ascertain and give effect to the intention of the Legislature'" (Anomyous v Castagnola, 210 AD3d 940, 942 [internal quotation marks omitted], quoting People v Galindo, 38 NY3d 199, 203). "'As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof'" (id., quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583; see Desiderio v Ochs, 100 NY2d 159, 169).
Education Law § 3203(2) does not provide a date by which the designated school district must demand payment. Nevertheless, the plain and unambiguous language of Education Law § 3203(2) requires the school district that furnishes the instructional services to make a demand on the school district that levied and collected the school taxes before the school district may obtain relief pursuant to Education Law § 3203. Thus, consistent with this clear legislative intent, we find that a cause of action to recover school taxes pursuant to Education Law § 3203 does not accrue until the school district that furnished the instructional services makes a demand on the neighboring school district for the school taxes levied and collected, and the school district that levied and collected the school taxes refuses to pay. We note the similarities of an action pursuant to Education Law § 3203(2) to an action alleging conversion, particularly those in which the moneys sought to be recovered lawfully came into the alleged converter's possession. A cause of action alleging conversion under such circumstances does not accrue until a demand for the property is made and the person in possession of the property refuses the demand for its return (see e.g. Matter of Asch, 164 AD3d 787, 788).
Here, the record demonstrated that the North Shore District made a demand on the Glen Cove District for the school taxes levied and collected for the 2010-2011 through 2013-2014 school years on February 26, 2015; that the North Shore District made a demand on the Glen Cove District for the school taxes levied and collected for the 2014-2015 school year on December 9, 2015; and that the North Shore District made a demand on the Glen Cove District for the school taxes levied and collected for the 2015-2016 school year on December 13, 2016. The record further demonstrated that on December 14, 2016, the Glen Cove District responded to the demands but failed to remit payment, and that, by letter dated February 16, 2018, the Glen Cove District tendered a check for only a portion of the amount of school taxes demanded, for which it subsequently issued a stop payment. This evidence demonstrated that the causes of action to recover school taxes for the 2010-2011 through 2015-2016 school years accrued, at the earliest, on or about December 14, 2016, when the Glen Cove District effectively failed on demand to pay the full amount of the school taxes that it collected on the subject properties (see Education Law § 3203[2]). Since this action was commenced within three years thereof, the causes of action to recover school taxes for the 2010-2011 through 2015-2016 school years was timely (see CPLR 214[2]). Accordingly, the Supreme Court, in effect, upon reargument, properly adhered to the determination denying those branches of the Glen Cove District's motion which were for summary judgment dismissing the first through sixth and eighth through tenth causes of action, but should have granted that branch of the North Shore District's cross-motion which was, in effect, for summary judgment dismissing the Glen Cove District's second affirmative defense, alleging that the action was barred by the statute of limitations.
The Supreme Court, in effect, upon reargument, properly adhered to the determination denying that branch of the Glen Cove District's motion which was for summary judgment dismissing so much of the seventh cause of action as related to the properties known as 30 Knott Drive and 155 [*4]Piping Rock Road and that branch of the North Shore District's cross-motion which was for summary judgment on that portion of that cause of action. The parties' submissions raised triable issues of fact as to whether the children residing at those properties received instructional services from the North Shore District during the 2016-2017 school year (see Education Law § 3203[2]).
The parties' contentions as to the applicability of General Obligations Law § 17-101 need not be reached in light of our determination.
The Glen Cove District's remaining contention is improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court